OPINION
{¶ 1} This case is a habeas corpus action in which petitioner, William Novak, is seeking his immediate release from the Lake Erie Correctional Institution. As the basis for his habeas corpus claim, petitioner contends that numerous errors took place in his trial which deprived the trial court in the underlying criminal proceeding of jurisdiction to enter his conviction. For the following reasons, this court concludes that petitioner has failed to state a viable claim for the requested relief.
 {¶ 2} Petitioner's present incarceration in the state prison is predicated upon an August 2000 conviction in the Cuyahoga County Court of Common Pleas. As part of its sentencing judgment, the trial court indicated that the jury had found petitioner guilty of four counts of intimidation and four accompanying specifications that he had assaulted a police officer during the course of each offense. The trial court then sentenced him to a definite term of four years on each count, with the terms to be served concurrently.
 {¶ 3} In bringing the instant action, petitioner has filed a habeas corpus petition which is approximately seventy pages in length. In addition, petitioner has submitted to this court two supplemental pleadings in support of his habeas corpus claim. A review of these three pleadings indicates that they contain repetitive arguments in relation to approximately twelve basic issues. Furthermore, our review indicates that his petition contains considerable "boilerplate" argumentation which pertains only tangentially to the facts of his case.
 {¶ 4} Despite the verbose nature of the habeas corpus petition, this court has been able to discern that it is petitioner's contention that his conviction must be declared void because: (1) his right against an illegal search and seizure was violated prior to his arrest; (2) certain errors occurred during the grand jury process; (3) the foreman for the grand jury failed to sign the indictment papers and did not write the words "a true bill" on them; (4) the indictment papers were not signed by the clerk of courts, did not have a proper seal, and were not properly dated to show when they were filed; (5) the trial court never issued a judgment entry stating that it had received and reviewed the indictment papers; (6) the indictment papers did not charge petitioner with an offense recognizable under Ohio law; (7) his statutory right to a speedy trial was violated; (8) he was denied his right to effective assistance of trial counsel; (9) he was never served with summons on the indictment papers; (10) the judge who presided over his trial was never properly appointed to the case; (11) the trial court never rendered a proper finding of guilty in the case; and (12) the trial court never issued proper commitment papers against him.
 {¶ 5} As a general proposition, in order for a prisoner to be entitled to a writ of habeas corpus, he must be able to prove that his conviction was rendered by a trial court which acted beyond the scope of its jurisdiction. See R.C. 2725.05; Wireman v. Ohio Adult Parole Auth.
(1988), 38 Ohio St.3d 322. Accordingly, if a prisoner does not allege that the trial court committed a jurisdictional error in the underlying action, his habeas corpus claim will be subject to dismissal for failure to raise a viable claim for relief. Schrock v. Gansheimer (May 24, 2002), 11th Dist. No. 2002-A-0003, 2002 Ohio App. LEXIS 2488. Furthermore, the dismissal of a habeas corpus claim will also be warranted under Civ.R. 12(B)(6) when there exists an adequate legal remedy through which the prisoner can litigate the issues raised in his petition. See, generally, State ex rel. Pirman v. Money (1994),69 Ohio St.3d 591.
 {¶ 6} In light of the foregoing basic requirements for the writ, the Supreme Court of Ohio has consistently held that alleged errors in the grand jury process cannot form the basis of a viable habeas corpus claim. For example, in Thornton v. Russell (1998), 82 Ohio St.3d 93, the court concluded that the alleged failure of the grand jury foreman to sign the indictment was insufficient to state a proper claim because such an error would not deprive the trial court of jurisdiction over the criminal case. See, also, Malone v. Lane (2002), 96 Ohio St.3d 415, in which it was held that a cognizable claim in habeas corpus could not be based on the assertion that the foreman had not endorsed the indictment as a true bill, and State ex rel. Beaver v. Konteh (1998),83 Ohio St.3d 519, in which it was held that a writ would not lie solely upon the allegation that there had been errors in the grand jury selection process.
 {¶ 7} The basic analysis which the Supreme Court has employed in regard to alleged "grand jury" errors has been extended to other types of errors which can occur throughout a criminal proceeding. Specifically, the courts of this state have concluded that the following types of alleged errors cannot form the predicate of a viable habeas corpus claim because such errors either are nonjurisdictional in nature or should be litigated in a direct appeal from the conviction: Luna v. Russell
(1994), 70 Ohio St.3d 561 (alleged errors concerning the validity or sufficiency of the indictment); Travis v. Bagley (2001), 92 Ohio St.3d 322
(alleged error concerning the defendant's right to a speedy trial); Brownv. Leonard (1999), 86 Ohio St.3d 593 (alleged error concerning the defendant's right to effective assistance of trial counsel); and Saffellv. Carter (Dec. 20, 2001), 4th Dist. No. 01CA2761, 2001 Ohio App. LEXIS 5944 (alleged error concerning the suppression of evidence).
 {¶ 8} Of the twelve basic arguments petitioner has raised in the instant action, the viability of his first eight arguments would be controlled by the foregoing precedent. That is, in regard to petitioner's arguments concerning the entire grand jury procedure, the validity and sufficiency of the indictment papers, his right to a speedy trial, his right to effective assistance of trial counsel, and his rights under the Fourth Amendment, this court concludes that these arguments raise issues which petitioner could have asserted in a direct appeal from his conviction; thus, since he had an adequate legal remedy in relation to these issues, these arguments do not state viable bases for a writ of habeas corpus. Furthermore, we would emphasize that petitioner's first eight arguments do not assert issues which directly relate to the jurisdiction of the trial court in the underlying case to proceed in the matter.
 {¶ 9} As to the remaining four arguments raised by petitioner, this court would indicate that, although the issues asserted in these arguments have not been reviewed by the courts of his state as extensively as the issues in the first eight arguments, our review of the limited precedent again supports the conclusion that petitioner has failed to assert any viable claim for relief. First, in regard to petitioner's argument that he was never properly served with the indictment, we would begin our analysis by noting that a complete lack of personal jurisdiction would normally constitute a viable basis for a habeas corpus claim. However, in previously considering the issue of defective service in the context of a habeas corpus action, this court has held that such an allegation is not sufficient to state a viable claim when the prisoner also admits in his petition that he made an appearance before the trial court and fully participated in the trial.State ex rel. Russell v. Dunlap (July 25, 1997), 11th Dist. No. 97-L-115, 1997 Ohio App. LEXIS 3196. The basis for our Russell holding was that the prisoner's own allegations showed that, despite the defect in service, the trial court still had acquired personal jurisdiction over him prior to the issuance of the conviction.
 {¶ 10} In the instant action, petitioner has attached to his habeas corpus petition a copy of the docket from the underlying criminal action. A review of the docket shows that, on December 10, 1999, the trial court issued a judgment in which it indicated that petitioner had been advised of his constitutional rights in open court and had waived the reading of the indictment to him. The docket further shows that, throughout the ensuing criminal proceeding, petitioner filed a multitude of pro se motions before the trial court. Finally, the docket readily indicates that, on July 10, 2000, the trial court stated in a new judgment that petitioner had been present in court when his trial began.
 {¶ 11} In light of the foregoing, it is evident that petitioner's own materials support the conclusion that, even if he was never properly served with the indictment papers, he still submitted to the jurisdiction of the trial court by both appearing and participating in the proceeding. Thus, since the trial court had personal jurisdiction over petitioner prior to the issuance of the conviction, petitioner's sole remedy would have been to assert the "service" issue in his direct appeal from the conviction. Russell.
 {¶ 12} As was noted above, petitioner contends under his tenth basic argument that his conviction must be declared void because the judge who presided over his trial was never properly appointed to the case. As to this point, this court would merely note that we have previously rejected this type of allegation as a viable grounds for a habeas corpus claim. In Clark v. Wilson (July 28, 2000), 11th Dist. No. 2000-T-0063, 2000 Ohio App. LEXIS 3400, we stated that, although the lack of a proper order transferring a case to new judge could constitute prejudicial error, such an error can only have the effect of making the resulting conviction voidable. As a result, the conviction cannot be subject to a collateral attack in a habeas corpus action; instead, its validity can be challenged only in a direct appeal.
 {¶ 13} Under his eleventh basic argument, petitioner asserts that the trial court in the underlying case never issued a proper finding of guilty. However, our review of the trial docket indicates that, on July 11, 2000, the trial court issued a judgment in which it stated that the jury had found petitioner guilty of all four charges and the specifications. Furthermore, our review of the sentencing judgment, a copy of which is also attached to the habeas corpus petition, demonstrates that the trial court restated the jury verdict at that time. Based upon the foregoing, this court concludes that, even if we assume for the sake of petitioner's eleventh argument that the lack of a proper guilty finding would constitute a jurisdictional error, his own allegations establish that a sufficient finding was made in this instance.
 {¶ 14} Under his final basic argument, petitioner maintains that the trial court did not ever issue proper commitment papers against him. In regard to this issue, we would indicate that, as part of the sentencing judgment, the trial court expressly delineated the offenses of which petitioner had been convicted and the extent of the sentence which he would be required to serve. Therefore, because the sentencing judgment contained the necessary information to warrant petitioner's incarceration in a state prison, we hold that his own allegations support the conclusion that the trial court satisfied its duty as to the issuance of proper commitment papers.
 {¶ 15} In relation to the dismissal of a habeas corpus petition for failure to state a viable claim, this court recently stated:
 {¶ 16} "Since an action in habeas corpus is considered civil in nature, a habeas corpus petition can be dismissed under Civ.R. 12(B)(6). In considering whether such a petition states a viable claim for relief, a court must determine if the nature of the allegations in the petition are such that, even when those allegations are construed in a manner most favorable to the petitioner, he will not be able to prove any set of facts under which he would be entitled to a writ. See, generally, Stateex rel. Smith v. Enlow (July 20, 2001), 11th Dist. No. 2000-P-0131, 2001 Ohio App. LEXIS 3282, at *3. In applying the foregoing standard for a Civ.R. 12(B)(6) analysis, a court can consider the basic allegations in the petition itself and any materials attached to the petition. Brewerv. Gansheimer (Oct. 5, 2001), 11th Dist. No. 2001-A-0045, 2001 Ohio App. LEXIS 4516, at *3. Finally, pursuant to R.C. 2725.05, a court in a habeas corpus proceeding has the authority to engage in a sufficiency analysis without benefit of a motion to dismiss; i.e., a court can dismiss a habeas corpus petition sua sponte if its initial review of the petition shows beyond a reasonable doubt that a viable claim for the writ has not been stated. Tillis, 2003-Ohio-1097, at ¶ 14." State ex rel.Peoples v. Warden of T.C.I., 11th Dist. No. 2003-T-0087, 2003-Ohio-4106, at ¶ 7.
 {¶ 17} Applying the foregoing precedent to the instant petition, this court holds that the dismissal of this case is warranted under Civ.R. 12(B)(6). That is, we conclude that none of the twelve basic arguments asserted by petitioner are sufficient to state a viable basis for the issuance of a writ. Even when petitioner's allegations in support of his twelve arguments are construed in a manner most favorable to him, they still readily show that he will not be able to prove a set of facts under which he would be entitled to be released from prison.
 {¶ 18} Accordingly, it is the sua sponte order of this court that petitioner's entire habeas corpus petition is hereby dismissed.
Donald R. Ford, P.J., Judith A. Christley and William M. O'Neill, JJ., concur.