PER CURIAM OPINION
{¶ 1} This action in mandamus is presently before this court for consideration of the motion to dismiss of respondent, Judge Richard L. Collins of the Lake County Court of Common Pleas. As the primary grounds for his motion, respondent maintains that the petition of relator, Anton D. Hamilton, does not state a viable claim for relief because his own allegations support the conclusion that relator has an adequate legal remedy. For the following reasons, we hold that the motion to dismiss has merit.
 {¶ 2} Relator is presently incarcerated in the Lake County Jail, awaiting his trial before respondent on one count of murder. In his mandamus petition, relator alleges that he is entitled to have the pending charge in the underlying criminal case dismissed because respondent has failed to bring him to trial within the time limits for a speedy trial under R.C. 2945.71 et seq. Based upon this, relator seeks the issuance of a writ under which respondent would be required to dismiss the underlying proceedings and order relator's immediate release from the county jail.
 {¶ 3} In considering claims of alleged speedy trial violations asserted in the context of a habeas corpus proceeding, the courts of this state have consistently concluded that such claims cannot form the basis of a viable habeas corpus claim because the prisoner has an adequate legal remedy through a direct appeal from the conviction. See Travis v.Bagley (2001), 92 Ohio St.3d 322; Elersic v. Wilson, 11th Dist. No. 2003-T-0070, 2003-Ohio-4229. The underlying logic for this basic conclusion is that a habeas corpus action cannot be used as a substitute for an appeal, especially when the alleged error in the criminal case does not pertain to the trial court's general subject matter jurisdiction.
 {¶ 4} Although the nature of the relief obtainable in a mandamus case is quite different than the relief obtainable in a habeas corpus case, it is well established under Ohio law that, like a writ of habeas corpus, a writ of mandamus will not lie when the relator has an adequate legal remedy through which he can be granted the same basic relief. See, e.g., State ex rel. Gaydosh v. Twinsburg (2001), 93 Ohio St.3d 576. In defining the term "adequate" for purposes of a mandamus claim, the Supreme Court of Ohio has indicated that a relator cannot satisfy this element when there exists an alternative remedy which is complete, beneficial and speedy. Id. Based upon this definition, this court has consistently held that a direct appeal from a final judgment constitutes an adequate legal remedy which would foreclose the issuance of a writ of mandamus. See State ex rel. Carr v. Inderlied (2000), 137 Ohio App.3d 50;State ex rel. Gau v. Bettis (Apr. 28, 2000), 11th Dist. No. 2000-L-006, 2000 Ohio App. LEXIS 1864.
 {¶ 5} In the instant action, relator's entire petition is based upon the assertion that respondent has erred in overruling his motion to dismiss the underlying action on the basis that his statutory right to a speedy trial has been violated. Even if it is assumed for the sake of this discussion that relator's legal analysis on the speedy trial issue is correct, relator will still not be entitled to a writ of mandamus because he has an adequate legal remedy in this instance. Specifically, if relator is ultimately convicted of murder in the underlying action, he will be able to contest the validity of respondent's decision on the speedy trial issue in a direct appeal from the sentencing judgment.
 {¶ 6} Pursuant to Civ.R. 12(B)(6), a mandamus petition can be dismissed for failure to state a viable claim when the nature of the relator's allegations are such that, even if those allegations are construed in a manner most favorable to the relator, they are still insufficient to demonstrate that he will be able to prove a set of facts under which he would be entitled to the writ. State ex rel. Boggs v.Springfield Local School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94, 95. Applying the foregoing standard to the allegations in the instant petition, this court concludes that the dismissal of this action is warranted. Again, even if relator would be able to show that a violation of his speedy trial rights has occurred in the underlying case, a writ of mandamus still could never be issued in his favor because there exists an adequate legal remedy through which relator could obtain the same results he seeks in this matter.
 {¶ 7} Accordingly, respondent's motion to dismiss the mandamus petition is granted. It is the order of this court that relator's mandamus petition is hereby dismissed.
JUDITH A. CHRISTLEY, J., CYNTHIA WESTCOTT RICE, J., concur.