OPINION
{¶ 1} The instant case is a habeas corpus action in which petitioner, Leroy Johnson, Jr., seeks his immediate release from the Trumbull Correctional Institution. Upon reviewing the allegations in the habeas corpus petition, this court concludes that petitioner has not stated any viable bases for the requested relief because his allegations are insufficient to show that his confinement is unlawful. As a result, his petition is subject to dismissal under Civ.R. 12(B)(6).
 {¶ 2} According to petitioner, his present incarceration at the institution is predicated on a 1999 criminal conviction rendered by the Mahoning County Court of Common Pleas. In that underlying action, the Mahoning County trial court found petitioner guilty of two counts of aggravated murder and one count of aggravated burglary, along with three accompanying firearm specifications. The trial court then sentenced him to two terms of life imprisonment without parole, a definite term of ten years on the aggravated burglary, and a separate term of three years on the merged firearm specifications. The trial court further held that each of the foregoing terms was to be served consecutively.
 {¶ 3} As the basis for his habeas corpus claim, petitioner maintains that his conviction should not be allowed to stand because certain errors occurred during the course of the trial proceeding. Specifically, petitioner asserts that the trial court erred in sentencing him to consecutive terms on all three counts and in not sentencing him to the minimum terms on the aggravated murder counts. He further asserts that he was denied his right to a speedy trial and his right to effective assistance of trial counsel.
 {¶ 4} As this court has indicated in numerous prior opinions, a writ of habeas corpus will generally lie to compel a defendant's release from a state prison only when he will be able to prove that the trial court in the underlying criminal case lacked the jurisdiction to enter the conviction. See, e.g.,State ex rel. Fitzpatrick v. Trumbull Correctional Inst.,Warden, 11th Dist. No. 2003-T-0080, 2003-Ohio-5005; Wilson v.Rogers (1993), 68 Ohio St.3d 130. Based upon this basic precedent, the Supreme Court of Ohio has held that a defendant cannot contest the merits of a trial court's sentencing determination in a habeas corpus action because any error in sentencing is not jurisdictional in nature. Majoros v. Collins
(1992), 64 Ohio St.3d 442. Instead, an alleged error in sentencing merely raises a procedural matter which can be challenged only in a direct appeal from the conviction.
 {¶ 5} The foregoing logic would likewise apply to petitioner's allegations concerning the denial of a speedy trial and effective assistance of trial counsel. The Supreme Court of Ohio has indicated that such alleged errors cannot form the basis of a viable habeas corpus because they do not pertain to a trial court's jurisdiction and can be contested in a direct appeal.State ex rel. Dotson v. Rogers (1993), 66 Ohio St.3d 25.
 {¶ 6} As an aside, this court would note that petitioner's allegation concerning the denial of effective assistance is predicated upon the assertion that both of his trial attorneys were not qualified to participate in a death penalty case. However, petitioner also states in his petition that the death penalty specifications against him in the underlying action were dismissed before the matter proceeded to trial. Therefore, even if his "ineffective assistance" allegation could be raised in a habeas corpus case, the allegation would still be insufficient, in and of itself, to establish that his attorneys failed to provide adequate representation.
 {¶ 7} In addition to the foregoing, petitioner contends that he is entitled to be released because, as part of the underlying case, the trial court erred in overruling his motion to suppress certain evidence. Again, this court would note that, even if such an error did occur during the trial proceedings, it would not have deprived the Mahoning County trial court of jurisdiction to go forward in the matter. Thus, such an alleged error cannot form the basis of a habeas corpus claim because petitioner should have raised the issue as part of his direct appeal from the conviction.
 {¶ 8} Finally, petitioner asserts in the instant action that, prior to the beginning of the proceedings before the Mahoning County Court of Common Pleas, he was taken before the Youngstown Municipal Court immediately after his arrest. Petitioner further asserts that the municipal court violated Crim.R. 5(B) by failing to hold a preliminary hearing on the charges against him within ten days of his arrest.
 {¶ 9} As a general proposition, a writ of habeas corpus can lie to compel the release of a defendant from the jurisdiction of a municipal court when that court has not held the preliminary hearing in a timely manner. See Styer v. Brichta (1990),69 Ohio App.3d 738. Nevertheless, even if the initial complaint against the criminal defendant must be dismissed as a result of the municipal court's error, the violation of Crim.R. 5(B) does not bar the state from indicting the defendant on the same charges and would not have any effect upon the validity of any subsequent conviction rendered by the common pleas court. Styer
at 743; State v. Zaffino, 9th Dist. No. 21514, 2003-Ohio-7202, at ¶ 14. Accordingly, once the municipal court has relinquished jurisdiction over the defendant, a viable claim in habeas corpus cannot be predicated solely upon the assertion that a timely preliminary hearing was not held. See State ex rel. Jenkins v.McFaul (Apr. 23, 1998), 8th Dist. No. 74047, 1998 Ohio App. LEXIS 1732.
 {¶ 10} In considering prior habeas corpus petitions, this court has held that, pursuant to R.C. 2725.05, such a petition can be dismissed immediately if our initial review of the allegations demonstrates that the petitioner has failed to state a viable claim for relief. See, e.g., Hamilton v. Collins, 11th Dist. No. 2003-L-094, 2003-Ohio-4104, at ¶ 8. In light of the forgoing discussion, we conclude that, even when the allegations in the instant petition are construed in a manner most favorable to petitioner, they readily show that he will be unable to prove a set of facts under which he would be entitled to be released from the correctional institution. As a result, the dismissal of his habeas corpus petition is warranted on the basis that he has failed to state a viable claim for the requested relief.
 {¶ 11} Pursuant to the foregoing analysis, it is the sua sponte order of this court that petitioner's entire habeas corpus petition is hereby dismissed.
Christley, O'Neill and Grendell, JJ., concur.