PER CURIAM OPINION
{¶ 1} This is a habeas corpus action in which petitioner, Michael P. McKay, seeks his immediate release from the Lake Erie Correctional Institution. Petitioner initiated this action by submitting a document which he captioned as a "Writ of Habeas Corpus — ad subjiciendum." In this document, he essentially contends that his present incarceration is illegal because the trial court which issued his underlying criminal conviction did not have proper jurisdiction over the matter. Upon reviewing the assertions petitioner has made in support of this contention, this court holds that he has failed to state a viable claim for a writ.
 {¶ 2} Petitioner has attached to his "Writ of Habeas Corpus — ad subjiciendum" a copy of a January 2001 judgment of the Ashtabula County Court of Common Pleas. This judgment indicates that petitioner's incarceration at the state prison is predicated upon his conviction on the following three charges: (1) illegal manufacturing of drugs; (2) aggravated possession of drugs; and (3) possessing criminal tools for felony purposes. After considering the relevant factors in R.C. Chapter 2929, the trial court sentenced him to concurrent prison terms of seven years, seven years, and eleven months on the respective charges.
 {¶ 3} Even though petitioner has submitted a copy of his sentencing judgment, the text of his "Writ of Habeas Corpus — ad subjiciendum" does not contain any reference to the judgment or to any of the underlying facts of his conviction. Instead, the text of this document merely contends certain boilerplate language which, with the exception of the insertion of petitioner's name, could apply to any individual who is being held in a state prison on a felony charge. Specifically, the "Writ of Habeas Corpus — ad subjiciendum" contains an unsupported statement that petitioner's conviction should be declared void because the trial court lacked jurisdiction over the subject matter of the underlying proceedings. Without making a direct reference to the proceedings in petitioner's case, the document then cites to three types of procedural errors which could deprive a court of jurisdiction. In addition, the document also contains the bald statement that the indictment and the sentencing judgment in the underlying case were not issued in the proper manner.
 {¶ 4} As this court has noted on numerous prior occasions, a writ of habeas corpus will generally lie only when the prisoner can show that his confinement is illegal because the trial court never had the requisite jurisdiction to convict him. See Tillisv. Gansheimer, 11th Dist. No. 2002-A-0099, 2003-Ohio-1097. In reviewing habeas corpus petitions for the purpose of determining whether the foregoing element can be met, this court has also indicated that, since a habeas corpus action is viewed as being civil in nature, a petition for such a writ can be subject to dismissal pursuant to Civ.R. 12(B)(6). State ex rel. Peoples v.Warden, 11th Dist. No. 2003-T-0087, 2003-Ohio-4106. Under this rule, a petition can be dismissed for failing to state a viable claim for the requested relief when the nature of the prisoner's allegations are such that it is beyond reasonable doubt that he will be able to prove a set of facts entitling him to the writ.State ex rel. Smith v. Enlow (July 20, 2001), 11th Dist. No. 2000-P-0131, 2001 Ohio App. LEXIS 3282.
 {¶ 5} To satisfy the standard under Civ.R. 12(B)(6), it is not necessary for a party to make an allegation regarding every fact which might be relevant to the claim for relief; however, a party is required to allege some operative facts as to each material point which must be proven for the relief to be granted.McIntyre v. Rice, 8th Dist. No. 81339, 2003-Ohio-3940. In the instant case, petitioner has not made any allegation concerning the operative facts of the underlying criminal proceeding which resulted in his conviction and subsequent confinement in the state prison. Instead, he has merely set forth in his "Writ of Habeas Corpus — ad subjiciendum" a statement of the basic legal principles governing subject matter jurisdiction. Without any reference to the operative facts of his criminal case, this court cannot determine whether any of the principles cited by petitioner have any application in this instance.
 {¶ 6} As an aside, we would further note that, in addition to the copy of the sentencing judgment, petitioner has also submitted a copy of the first page of the indictment in the underlying case. Our review of both of these submissions fails to reveal any obvious error which could have affected the trial court's jurisdiction. Moreover, in regard to the indictment, we would emphasize that it is well settled under Ohio law that alleged errors in an indictment and the grand jury process cannot form the basis of a viable claim in habeas corpus because such errors do not deprive a trial court of subject matter jurisdiction and can be contested in a direct appeal from the conviction. See Novak v. Gansheimer, 11th Dist. No. 2003-A-0023, 2003-Ohio-5428.
 {¶ 7} Under R.C. 2725.05, a court in a habeas corpus action has the authority to conduct an initial review of a habeas corpus petition and dismiss the petition sua sponte if it determines that the prisoner has failed to state a viable claim for the writ. Peoples, 2003-Ohio-4106. In light of the foregoing analysis, we hold that petitioner's "Writ of Habeas Corpus — ad subjiciendum" is legally insufficient because it does not contain any allegations regarding the proceedings which occurred in the underlying criminal case. Accordingly, it is the sua sponte order of this court that petitioner's "Writ of Habeas Corpus — ad subjiciendum," construed as a habeas corpus petition, is hereby dismissed in its entirety.
Ford, P.J., Christley, J., and Rice, J., concur.