PER CURIAM OPINION
{¶ 1} This action in mandamus is presently before this court for consideration of the motion to dismiss of respondent, Judge Andrew D. Logan of the Trumbull County Court of Common Pleas. As the primary basis for this motion, respondent submits that the petition of relator, Paul Brown, does not state a viable claim for a writ because his own allegations support the conclusion that there is an alternative remedy which he could pursue to obtain the same relief he seeks in this case. For the following reasons, this court concludes that the motion to dismiss has merit.
 {¶ 2} In bringing the instant case, relator sought the issuance of an order which would require respondent to dismiss certain criminal charges that are presently pending against him in an underlying action. As the factual basis for his claim, relator alleged in his petition that, during the course of that proceeding, he has filed multiple motions to suppress certain evidence and to dismiss the charges of illegally conveying items onto the grounds of a detention facility. He further alleged that respondent has denied all of his pro se motions without benefit of an evidential hearing. Based on these allegations, relator asserted that respondent's rulings on his various motions have resulted in a violation of his constitutional rights.
 {¶ 3} In now moving to dismiss relator's petition, respondent contends that it will not be possible for relator to ultimately prevail on the merits of his claim because he is attempting to employ the instant action as a substitute for a direct appeal. Specifically, respondent argues that, even if any error has occurred in the underlying case, relator can obtain proper relief from any alleged error through a direct appeal if he is ultimately convicted in the matter. In light of this, respondent further argues that a writ cannot lie in this instance because an appeal constitutes an adequate legal remedy.
 {¶ 4} To be entitled to a writ of mandamus, the relator in such an action must be able to satisfy the following three elements: (1) the relator must have a clear legal right to have the public official perform a particular act; (2) the official must have a clear legal duty to do the act; and (3) the relator does not have another adequate remedy at law. State ex rel.Greene v. Enright (1992), 63 Ohio St.3d 729. In interpreting the last of the three elements, this court has stated that the relator cannot fulfill this requirement when there exists an alternative remedy through which he can achieve the identical result he hopes to obtain in the mandamus action. State ex rel.Norris v. Watson, 11th Dist. No. 2001-P-0089, 2001-Ohio-3932. Furthermore, this court has previously indicated that an alternative remedy is considered "adequate" for purposes of the third element when it is complete, beneficial, and speedy.Hamilton v. Collins, 11th Dist. No. 2003-L-106, 2003-Ohio-5703.
 {¶ 5} In light of the foregoing precedent, this court has expressly held that a direct appeal from a final judgment of a trial court constitutes an adequate remedy of law which stops a relator from satisfying the third element of a mandamus claim.State ex rel. Carr v. Inderlied (2000), 137 Ohio App.3d 50. Accordingly, a criminal defendant cannot use a mandamus action to contest a trial judge's evidentiary rulings or speedy trial determinations because such decisions can be challenged in a direct appeal from the conviction. State ex rel. Gau v. Bettis
(Apr. 28, 2000), 11th Dist. No. 2000-L-006, 2000 Ohio App. Lexis 1864; Hamilton, 2003-Ohio-5703. We have even applied this rule when the defendant has sought to raise constitutional issues in mandamus cases, such as the denial of the right to a jury trial.Norris, 2001-Ohio-3932.
 {¶ 6} Other courts throughout this state follow the same logic. For example, in Saffell v. Carter, 4th Dist. No. 01CA2761, 2001-Ohio-2633, the Fourth Appellate District concluded that the denial of a motion to suppress cannot be contested in a habeas corpus case because the merits of the issue can be litigated properly in a direct appeal from the conviction. Although Saffell involved a different type of original action, the same analysis would apply in the instant case because a mandamus claim and a habeas corpus claim have the identical requirement that the writ will not lie when there exists an alternative remedy which will afford the party adequate relief.
 {¶ 7} In the instant case, relator has not alleged that respondent has committed any error which would deprive him of jurisdiction over the underlying criminal action; instead, he has only alleged that certain procedural errors have occurred. Under such circumstances, if respondent has indeed committed a prejudicial error, relator can obtain the reversal of any subsequent conviction through a direct appeal. To this extent, his petition fails to state a viable mandamus claim because his own allegations indicate that he has an adequate remedy at law.
 {¶ 8} As a separate basis for his mandamus claim, relator has asserted that he has been denied a fair trial because respondent has not taken the necessary steps to ensure that he has access to the law library of the Trumbull County Jail. Relator has also asserted that, since he is representing himself pro se before respondent, he must have access to legal materials in order to adequately protect his own rights at trial.
 {¶ 9} As to this particular issue, this court would note that, as a common pleas judge, respondent has no control over the law library in the county jail. Instead, such control lies solely with the Trumbull County Sheriff. In light of these circumstances, it follows that relator has failed to name as a party to the instant action the public official who could possibly be ordered to perform the requested act. That is, since the county sheriff is the sole public official who could provide access to the jail's law library, relator will never be able to establish that respondent has a clear legal duty in this matter. As a result, the second aspect of relator's petition also fails to state a viable claim against respondent.
 {¶ 10} Even though the merits of relator's second issue are not properly before us in the context of this action, we would indicate that there is precedent for the general proposition that the state has no obligation to give a criminal defendant access to a law library when the defendant has chosen to represent himself in the criminal case. See Greene, 63 Ohio St.3d at 732;Smith v. Lawrence Cty. Sheriff's Dept., 4th Dist. No. 01CA30, 2002-Ohio-2151.
 {¶ 11} In ruling upon motions to dismiss in prior mandamus cases, this court has stated that the standard for a dismissal under Civ.R. 12(B)(6) must be followed: "Since a mandamus action is considered civil in nature, a petition for a writ can be dismissed for failing to state a viable claim when the nature of the allegations are such that, even if those allegations are viewed in a manner most favorable to the relator, they are still legally insufficient to show that the relator will be able to prove a set of facts entitling him to the writ." State ex rel.Maxwell v. Kainrad, 11th Dist. No. 2004-P-0042, 2004-Ohio-5458, at ¶ 13. Applying this standard to the petition in this case, we conclude that relator's allegations are legally insufficient to state a viable claim for the requested relief. Specifically, this court holds that relator's allegations show that he will never be able to establish his entitlement to a writ of mandamus because he has an adequate legal remedy through a direct appeal of any conviction which might subsequently be entered against him.
 {¶ 12} Pursuant to the foregoing analysis, respondent's motion to dismiss under Civ.R. 12(B)(6) is granted. It is the order of this court that relator's entire mandamus petition is hereby dismissed.
Ford, P.J., Christley, J., O'Neill, J., concurs.