PER CURIAM OPINION
{¶ 1} The instant proceeding in habeas corpus is presently before this court for consideration of the motion to dismiss of respondent, Warden Rich Gansheimer of the Lake Erie Correctional Institution. As one basis for his motion, respondent asserts that petitioner, James S. Waites, has failed to state a viable claim for a writ because his own allegations support the conclusion that there is another remedy he could pursue to obtain the same relief. For the following reasons, we conclude that respondent's motion has merit.
 {¶ 2} Petitioner is currently incarcerated at the Lake Erie Correction Institution, based primarily on his 1993 conviction in the Lake County Court of Common Pleas for felonious sexual penetration and kidnapping. In instituting the instant action before this court, he alleged in his petition that he is presently suffering from a number of physical ailments, and that respondent has failed to ensure that he receives necessary treatment and assistance in dealing with the problems. For example, petitioner stated that he has not been given a wheelchair to help him overcome certain difficulties caused by multiple sclerosis. In light of this, he requested in his sole claim that his immediate release from the state prison be ordered so that he can obtain proper treatment on his own.
 {¶ 3} In now maintaining that petitioner's allegations are not legally sufficient to satisfy the elements for a writ of habeas corpus, respondent submits that petitioner will be unable to establish the lack of an adequate legal remedy. Specifically, he contends that the proper remedy for petitioner to pursue in contesting whether he is receiving the appropriate treatment is a civil rights action under Section 1983, Title 42 of the United States Code. In support of this contention, respondent notes that petitioner is already a party to a class action in an Ohio federal court which involves a "1983" claim regarding the treatment of prisoners in Ohio penitentiaries.
 {¶ 4} At the outset of our discussion, this court would indicate that the primary purpose of a writ of habeas corpus is to compel the release of a state prisoner when his confinement is illegal on the grounds that the sentencing court did not have the requisite jurisdiction to enter the conviction. McKay v.Gansheimer, 11th Dist. No. 2003-A-0123, 2003-Ohio-4284, at ¶ 4. Thus, a habeas corpus claim has essentially two elements: (1) an unlawful restraint of a person's liberty; and (2) the absence of an adequate remedy at law. State ex rel. Harris v. Anderson
(1996), 76 Ohio St.3d 193, 194. In some rare circumstances, a viable claim for the writ can be predicated upon the assertion that the unlawful confinement is due to a nonjurisdictional error by the trial court; however, even in this instance, the writ will only lie if there is no alternative legal remedy which would provide adequate protection to the prisoner. See Miller v.Mitchell (Aug. 8, 1997), 11th Dist. No. 97-T-0053, 1997 Ohio App. LEXIS 3579.
 {¶ 5} In considering the "adequate remedy" element in the context of a habeas corpus action in which the inmate sought to challenge the conditions of the penitentiary, the Supreme Court of Ohio has expressly held that a "1983" civil rights claim constitutes an adequate legal remedy which renders the habeas corpus claim unviable. Douglas v. Money (1999),85 Ohio St.3d 348, 385. In support of its holding, the Douglas court cited its prior analysis in State ex rel. Carter v. Schotten (1994),70 Ohio St.3d 89, a case in which an inmate sought a writ of mandamus to require the warden to improve certain conditions at the prison. In discussing the effect of a "1983" action upon the viability of a mandamus claim, the Carter court stated:
 {¶ 6} "Under certain circumstances, a Section 1983 action provides an adequate legal remedy which renders a mandamus action unavailable in a state court proceeding. * * * A Section 1983 action provides a supplement to any state remedy, and there is no general requirement that state judicial or administrative remedies be exhausted in order to commence a Section 1983 action. * * * Furthermore, a Section 1983 action can provide declaratory, injunctive, and/or monetary relief. * * * State prisoners challenging the conditions of their confinement may utilize Section 1983 to obtain relief." (Citations omitted.) Carter at 91.
 {¶ 7} In Carter, the prisoner's mandamus claim pertained to the adequacy of the prison library, various supplies, and prison clothing. However, in subsequent cases, the "adequate remedy" analysis in Carter has been extended to claims which involved other aspects of prison conditions. For example, in State exrel. Perotti v. McFaul, 8th Dist. No. 83622, 2004-Ohio-491, the prisoner's habeas corpus challenge to the adequacy of his medical treatment was dismissed on the basis that he could obtain the relief sought through a "1983" civil rights action. See, also,State ex rel. Peeples v. Anderson (1995), 73 Ohio St.3d 559.
 {¶ 8} As part of its discussion of the "adequate remedy" question, the Supreme Court emphasized in Carter that its holding concerning the viability of a habeas corpus or mandamus claim would only apply to the extent that the claim was based on federal constitutional or statutory law. Carter,70 Ohio St.3d at 91. Accordingly, a "1983" claim is not viewed as an alternative adequate remedy when the prisoner's claim is predicated upon Ohio law.
 {¶ 9} In the instant case, our review of the habeas corpus petition readily shows that petitioner's claim for relief was based entirely on the assertion that, as a result of the improper medical treatment, the prohibition against cruel and unusual punishment under the United States Constitution was being violated. Although his petition does refer to certain provisions under R.C. Chapter 5120, our review of these Ohio statutes indicates that they do not set forth any specific requirements as to the medical treatment of prisoners in state institutions. Thus, because petitioner's habeas corpus claim cites solely to federal law to support his request for the writ, he clearly has an adequate legal remedy through the pursuit of a civil rights action under Section 1983, Title 42, of the United States Code.
 {¶ 10} Since a habeas corpus action is considered civil in nature, it can be subject to dismissal under Civ.R. 12(B)(6) for failing to state a viable claim for relief. McKay,2004-Ohio-4284, at ¶ 5. Pursuant to this rule, a civil complaint can be dismissed when the nature of the factual allegations are such that, even when the allegations are construed in a manner most favorable to the plaintiff-petitioner, they will still be insufficient to establish that he will be able to prove a set of facts under which he would be entitled to the requested relief. Id.
 {¶ 11} Consistent with our prior analysis, this court concludes that the factual allegations in petitioner's habeas corpus claim are legally insufficient under the foregoing standard to satisfy the elements for such a claim. Specifically, we hold that petitioner's own allegations support the conclusion that there is an alternative remedy he could pursue to obtain the same relief sought in this action. Therefore, because his petition does not state a viable claim for a writ of habeas corpus, respondent's motion to dismiss is hereby granted. It is the order of this court that petitioner's entire habeas corpus petition is dismissed.
Donald R. Ford, P.J., William M. O'Neill, J., Cynthia Westcott Rice, J., concur.