PER CURIAM OPINION
{¶ 1} The instant action in habeas corpus is presently before this court for final consideration of the motion to dismiss of respondent, Trumbull County Sheriff Thomas L. Altiere.[1]
As the primary grounds for his motion, respondent asserts that the habeas corpus petition is subject to dismissal because petitioner, Kalen Watson, has failed to state a viable claim for a writ. For the following reasons, this court concludes that the motion to dismiss is well taken.
 {¶ 2} Petitioner is presently an inmate in the Trumbull County Jail, awaiting trial in the Trumbull County Court of Common Pleas on charges of felonious assault and having a weapon while under a disability. In seeking a writ of habeas corpus, petitioner alleges that he is entitled to be released immediately because the pending charges in the underlying criminal case are based upon evidence which was seized illegally by two probation officers. Specifically, he contends that the criminal case cannot go forward because the probation officers did not have a proper search warrant when the search of his girlfriend's apartment was conducted.
 {¶ 3} In his motion to dismiss, respondent submits that, by challenging the legal propriety of the search of the apartment, petitioner is essentially seeking to suppress the seized items so that they cannot be introduced as evidence against him in the criminal proceeding. Respondent further submits that the suppression of evidence is a matter which is typically litigated in the context of the criminal proceeding before the trial court. In light of this, he maintains that the instant petition does not set forth a viable claim for relief because a habeas corpus case cannot be employed as a substitute for the proper proceedings before the trial court.
 {¶ 4} As a general proposition, when an inmate's incarceration is based on the existence of a criminal proceeding against him, a writ of habeas corpus will lie to compel his release only when he can establish that the trial court's jurisdiction over the matter is defective. Tate v. Bernard
(Nov. 21, 2001), 11th Dist. No. 2001-T-0087, 2001 Ohio App. LEXIS 5202, at *4. Therefore, in order to state a viable claim for the writ, a habeas corpus petition must allege that the trial court has committed an error which deprives it of jurisdiction. Novakv. Gansheimer, 11th Dist. No. 2003-A-0023, 2003-Ohio-5428, at ¶5. In addition, it has been held that the writ will not issue when there is an alternative legal remedy which would afford the inmate adequate relief. Id.
 {¶ 5} In light of the foregoing basic principles governing a habeas corpus action, this court has indicated that a question concerning the suppression of evidence cannot be litigated in the instant type of proceeding because, even if a trial court in a criminal case renders an erroneous ruling on such a question, it would not have any effect over that court's jurisdiction.Johnson v. Bobby, 11th Dist. No. 2003-T-0181, 2004-Ohio-1075, at ¶ 7. We have further indicated that a trial court's denial of a motion to suppress cannot form the basis of a viable habeas corpus claim because the defendant has an adequate legal remedy through a direct appeal from any resulting conviction. State exrel. Brown v. Logan, 11th Dist. No. 2004-T-0088, 2004-Ohio-6951, at ¶ 6.
 {¶ 6} In most instances in which an inmate has sought to contest the merits of a suppression issue in a habeas corpus action, that action has usually been filed after the trial court has rendered its decision on a motion to suppress. See Brown,2004-Ohio-6951, at ¶ 6, citing Saffell v. Carter, 4th Dist. No. 01CA2761, 2001-Ohio-2633. In this instance, petitioner chose to file this action before the trial court had an opportunity to rule upon the pending motion. However, notwithstanding this factual difference, the same logic would apply. That is, the trial court's ultimate ruling upon the motion to suppress constitutes an adequate legal remedy because petitioner can achieve the same basic result as he seeks under his habeas corpus claim. Furthermore, even if the trial court overrules his pending motion, petitioner can still contest the merits of the suppression issue through a direct appeal from any resulting conviction.
 {¶ 7} In ruling upon the merits of prior habeas corpus claims, this court has indicated that such claims can be dismissed under Civ.R. 12(B)(6). Novak, 2003-Ohio-5428. In regard to the standard for dismissing under Civ.R. 12(B)(6), we have stated: "In considering whether such a petition states a viable claim for relief, a court must determine if the nature of the allegations in the petition are such that, even when those allegations are construed in a manner most favorable to the petitioner, he will not be able to prove any set of facts under which he would be entitled to a writ." State ex rel. Peoples v.Warden of T.C.I., 11th Dist. No. 2003-T-0087, 2003 Ohio 4106, at ¶ 7.
 {¶ 8} Pursuant to the foregoing discussion, this court holds that the application of the Civ.R. 12(B)(6) standard to the instant petition warrants the dismissal of this matter. That is, even if petitioner's allegations are viewed in a manner most favorable to him, those allegations demonstrate that he will be unable to prevail in this case because the subject matter of his claim does not pertain to the jurisdiction of the trial court in the underlying criminal action. In addition, his allegations show that he has an adequate legal remedy through which he can contest the merits of the "suppression" issue.
 {¶ 9} In accordance with this analysis, respondent's motion to dismiss is granted. It is the order of this court that petitioner's entire habeas corpus petition is hereby dismissed for failure to state a viable claim for relief.
O'Neill, J., Grendell, J., O'Toole, J., concur.
[1] The caption of the habeas corpus petition provides that the name of the Trumbull County Sheriff is "Thomas L. Altier." Since the petition refers to respondent in this manner, the caption of our opinion must also refer to him as "Thomas L. Altier." Nevertheless, this court would indicate that the proper spelling of respondent's last name is "Altiere."