PER CURIAM OPINION
{¶ 1} This action in prohibition is presently before this court for consideration of the motion for summary judgment of respondent, Judge Eugene L. Lucci of the Lake County Court of Common Pleas. As the primary basis for his motion, respondent states that relator, James E. Pesci, is not entitled to prevail on the final merits of his sole claim because the evidentiary materials before us establish that the common pleas court had proper jurisdiction over him in an underlying criminal case. For the following reasons, this court concludes that the summary judgment motion has merit. *Page 2 
 {¶ 2} Relator is currently incarcerated in the Lake Erie Correctional Institution, having been convicted of three counts of burglary in the Lake County Court of Common Pleas in January 2001. In the instant proceeding, relator essentially contends that the foregoing conviction must be declared void because a former member of the common pleas court, Judge Martin O. Parks, lacked the requisite jurisdiction to go forward in the criminal case. Specifically, relator asserts that his conviction cannot stand because it was predicated upon charges which had already been dismissed at a prior time.
 {¶ 3} Our review of the prohibition petition indicates that relator's sole claim for relief was based upon the following factual allegations. On September 26, 1998, the Mentor City Police Department arrested relator in regard to a series of burglaries which had occurred within its territorial jurisdiction. Two days later, relator was taken before a Mentor City court for the purpose of setting his bail. After relator was able to post the required bond, he was released from the custody of the city police department. Nearly three months later, the Lake County Grand Jury returned an indictment against him which contained, inter alia, three counts of burglary. Within three days after the release of the indictment, the Mentor City court issued a "nolle prosequi" judgment.
 {¶ 4} In the twelve months following the return of the Lake County indictment, relator was involved in a separate criminal action in Cuyahoga County, Ohio. Once relator had begun to serve his sentence for the Cuyahoga County conviction, he was returned to Lake County in January 2000 to stand trial on the three burglary charges. As the legal grounds for his prohibition claim, relator now submits that it was improper for the "burglary" trial to proceed because the charges in the indictment had already been dismissed by the Mentor City court in the nolle prosequi judgment. Based upon this, he *Page 3 
argues that Judge Parks acted beyond the scope of his jurisdiction.
 {¶ 5} At the outset of our legal analysis in this matter, this court would indicate that, in initially bringing the instant case, relator named Judge Parks, a former sitting member of the Lake County Court of Common Pleas, as the opposing party in the matter.[1] Furthermore, we would note that, in one portion of his prohibition petition, relator stated that it was the common pleas court which had ordered his return to Lake County after the Cuyahoga County proceeding had ended. Thus, it is readily apparent that, under relator's own allegations, his trial on the "burglary" indictment took place in the Lake County Court of Common Pleas. Nevertheless, we would further note that the prohibition petition also has a reference to the "Mentor Common Pleas Court." The use of such a reference raises the possible inference that, pursuant to relator's allegations, his ultimate trial on the burglary charges occurred in the same court in which the "nolle prosequi" judgment was entered.
 {¶ 6} As part of his motion for summary judgment, respondent attached to his submission a certified copy of the docket of the underlying action in which relator was tried on the indictment for three counts of burglary. A review of this document verifies that the criminal case was tried before Judge Martin O. Parks of the Lake County Court of Common Pleas. Our review also shows that the "common pleas" proceeding began with the filing of the indictment against relator, and that Judge Parks never ordered or referred to the dismissal of any charges against relator until the State of Ohio indicated immediately prior to the trial that it would not be going forward on a charge of possession of criminal tools. In light of this, respondent maintains that the initial *Page 4 
proceedings against relator, including the setting of his bail and the release of the "nolle prosequi" judgment, were held before the Mentor Municipal Court.
 {¶ 7} In responding to the summary judgment motion, relator has not challenged the authenticity of the copy of the docket of the proceedings before the common pleas court. More importantly, this court would note that, in discussing the basic facts of this case in his response, relator expressly refers to the court that issued the nolle prosequi judgment as the "Mentor Municipal Court." Hence, relator has admitted for purposes of the instant matter that two distinct courts were involved in the litigation against him as to the three burglary charges; i.e., although the initial proceedings until the issuance of the nolle prosequi judgment were before the municipal court, the remaining proceedings in regard to the indictment against relator occurred before the common pleas court.
 {¶ 8} As was mentioned above, relator alleged in his prohibition petition that the municipal court's nolle prosequi judgment was rendered three days after the grand jury returned the indictment against him. In light of the timing of the dismissal judgment, relator makes the assumption that the judgment had to apply to the three burglary charges in the indictment. In turn, relator maintains that since the charges in the indictment had been dismissed by the municipal court, the common pleas court did not have the authority to "reinstate" the indictment.
 {¶ 9} As the basis in support of his motion for summary judgment, respondent essentially states that the foregoing assumption is simply incorrect. That is, respondent submits that the dismissal judgment could not have applied to the charges under the indictment because a municipal court lacks the basic authority to issue such a ruling.
 {¶ 10} In support of his position, respondent emphasizes that, pursuant to R.C. *Page 5 1901.20(A), the criminal jurisdiction of an Ohio municipal court is generally limited to any misdemeanor violation and any violation of a municipal ordinance. In relation to any felony violation, R.C.1901.20(B) provides that a municipal court only has the power to conduct any hearing which may be necessary before an indictment is issued against a defendant. Given the specific wording of the foregoing provisions, it has been held that a municipal court cannot exercise any jurisdiction over a felony offense. See State v. Sims, 9th Dist. No. 22677, 2006-Ohio-2415, at ¶ 24.
 {¶ 11} In the instant matter, the certified copy of the docket in relator's common pleas proceeding shows that each of the three burglary charges in the indictment was a second-degree felony. As a result, the Mentor Municipal Court would not have had any jurisdiction to dismiss any of the charges of which relator was subsequently convicted.
 {¶ 12} As part of the evidentiary submissions in this action, neither side has tried to provide a proper copy of the nolle prosequi judgment of the municipal court. Thus, this court simply cannot determine if the municipal court actually sought to dismiss the three burglary charges which had just been issued in the grand jury's indictment. But even if we were to assume for the sake of this discussion that the municipal court truly intended to dismiss an indictment which had only been returned three days earlier, its dismissal judgment still would not have had any effect upon the indictment because the municipal court did not have any jurisdiction over the burglary charges.
 {¶ 13} In considering the ramifications of an error by a municipal court upon later criminal proceedings before a common pleas court, this court has indicated that such errors would not alter the validity of any ensuing felony conviction. Johnson v. Bobby, 11th Dist. No. 2003-T-0181,2004-Ohio-1075, at ¶ 9. Although not expressly stated in *Page 6 
the Johnson opinion, its holding is obviously based upon the fact that the jurisdiction of the municipal court and the common pleas court are distinct, and that once jurisdiction over a criminal matter has been properly transferred, no error by the municipal court can affect the ability of the common pleas court to go forward. In the present matter, after the Lake County Grand Jury had returned the indictment against relator, the jurisdiction of the Lake County Court of Common Pleas had been properly invoked. Under such circumstances, even if the Mentor Municipal Court did try to somehow dismiss any of the charges in the indictment, it was a vane act which had no effect on the subsequent common pleas proceedings.
 {¶ 14} As an aside, this court would indicate that it is highly likely that the Mentor Municipal Court was not attempting to dismiss the charges in the indictment when the nolle prosequi judgment was rendered. At the outset of the municipal proceedings in September 1998, some type of complaint against relator had to have been filed in order for that court to have authority over the matter. In turn, by issuing the December 1998 dismissal judgment, the municipal court was simply indicating that it would not be going forward on the initial complaint in the matter, and that the general case against relator would now be going forward in the common pleas court.
 {¶ 15} In his prohibition petition, relator relied heavily upon a decision of the First Appellate District in State ex rel. Flynt v.Dinkelacker, 156 Ohio App.3d 595, 2004-Ohio-1695. However,Flynt involved a situation in which the common pleas court allowed the state to reinstate the original indictment after it had been dismissed under the terms of a plea agreement. In the present case, a review of the certified copy of the common pleas court's docket readily establishes that the common pleas court never ordered the *Page 7 
dismissal of the indictment. To this extent, even if we again assume for the purpose of this analysis that the Mentor Municipal Court actually attempted to dismiss the charges under the indictment, the facts of the instant case are still distinguishable from the facts in Flynt. Since the municipal court lacked the jurisdiction to enter a judgment dismissing the indictment, the common pleas court never had to reinstate the indictment in order for the common pleas action to go forward.
 {¶ 16} Finally, as part of his response to the summary judgment motion, relator contends that when the State of Ohio responded to his "speedy trial" motion during the common pleas proceedings, it argued that no charges had been "pending" against him until he was returned to Lake County in January 2000. Based upon this, he argues that it is now inconsistent for respondent to maintain that the indictment remained pending during the entire period he was held in Cuyahoga County. In relation to this point, this court would indicate that the term "pending" has a specific meaning for purposes of a speedy trial analysis. That is, we would note that criminal charges are not pending as to a defendant simply because an indictment has been returned; rather, the statutory time for a speedy trial does not begin to run until the indictment has been properly served on the defendant. See, generally, State v. Riley, 162 Ohio App.3d 730, 2005-Ohio-4337, at ¶ 20. Therefore, it is entirely possible for a valid indictment and the underlying criminal case to "exist" for a substantial period before the charges actually become "pending" against a defendant for speedy trial purposes.
 {¶ 17} In considering summary judgment motions in the context of a prohibition action, this court has stated:
 {¶ 18} "When a respondent moves for summary judgment in an original action *Page 8 
before an appellate court, he will be entitled to prevail on the motion if he can demonstrate that he can satisfy the standard for summary judgment as to one element of the relator's claim. * * * Under the standard for summary judgment, the moving party is entitled to judgment in its favor when: (1) there are no genuine factual disputes remaining to be litigated; (2) the state of the evidence is such that reasonable minds will reach a conclusion against the opposing party, even when the evidence is construed in a manner most favorable to the opposing party; and (3) the moving party is entitled to judgment as a matter of law. * * *" (Citations omitted.) State ex rel. Ayres v. Burton Twp. Bd. ofZoning Appeals (Nov. 21, 2001), 11th Dist. No. 2000-G-2322, 2001 Ohio App. LEXIS 5208, at *23-24.
 {¶ 19} As one element of a prohibition claim, a relator must be able to prove that the court or judicial officer was engaged in the exercise of judicial power which was not within the scope of its jurisdiction.State ex rel. Douglas v. Burlew, 106 Ohio St.3d 180, 2005-Ohio-4382, at ¶ 9. Pursuant to the foregoing discussion, this court concludes that respondent has met all three prongs of the summary judgment standard in regard to the foregoing element of relator's prohibition claim. That is, even when relator's factual assertions and respondent's evidentiary materials are interpreted in a manner which is most favorable to relator, those items still prove beyond all doubt that the Lake County Court of Common Pleas did not exceed the scope of its jurisdiction in trying relator on the underlying indictment. Again, regardless of what actions were taken by the Mentor Municipal Court, those actions could not have affected the ability of Judge Parks to go forward.
 {¶ 20} Consistent with the preceding analysis, respondent's motion for summary *Page 9 
judgment is granted. It is the order of this court that judgment is hereby entered in favor of respondent as to relator's entire prohibition petition.
CYNTHIA WESTCOTT RICE, P.J., WILLIAM M. O'NEILL, J., COLLEEN MARY O'TOOLE, J., concur.
[1] As part of our alternative writ in this case, this court ordered that respondent be substituted as the opposing party because Judge Parks no longer held the office of common pleas judge. *Page 1