PER CURIAM OPINION
{¶ 1} This habeas corpus action is presently before this court for consideration of the motion to dismiss of respondent, Warden Richard Gansheimer of the Lake Erie Correctional Institution. As the primary grounds for this motion, respondent asserts that the sole claim of petitioner, James A. Vinson, does not state a viable cause of action because none of his factual allegations pertain to the jurisdiction of the trial court which *Page 2 
imposed his underlying conviction. For the following reasons, we hold that the motion to dismiss has merit.
 {¶ 2} Petitioner has been incarcerated in the Ohio prison system since August 2003. According to him, his continuing confinement at this time is predicated solely on a May 2005 conviction in the Cuyahoga County Court of Common Pleas, in which a jury found him guilty of three counts of felonious assault against three police officers. The Cuyahoga County trial court then sentenced petitioner to three concurrent terms of five years in a state prison.
 {¶ 3} In his petition before this court, petitioner maintains that his conviction for the felonious assaults was based upon an incident which initially began when officers of the Cleveland City Police Department responded to a call of a gun being fired on a local street. In light of information obtained from the person who had made the 9-1-1 call, the officers followed a van which ultimately pulled into the driveway of petitioner's home on Argus Avenue. The officers then surrounded the van, made three individuals exit that vehicle, and began to conduct a search of the individuals and the vehicle.
 {¶ 4} During the course of the foregoing search, petitioner stepped outside the front door of his residence and asked the multiple officers why they had entered upon his property. In response, the officers ordered petitioner to put his hands up in the air and walk toward them. While standing next to his front door, petitioner told the officers that, although he was willing to comply, it would first be necessary for him to secure his dog, which was standing directly behind the door. When the officers repeated the order for petitioner to come forward, he continued to state that the dog needed to be secured. While this argument was escalating, the dog pushed open the front door and ran toward *Page 3 
the vicinity of the officers. After the officers were able to subdue the dog, they placed petitioner under arrest as a result of his actions in relation to the dog.
 {¶ 5} As the primary grounds for his instant claim in habeas corpus, petitioner asserts that his conviction for the three felonious assaults of the police officers must be declared void because the foregoing facts readily establish that his constitutional right against unreasonable searches and seizures was violated during the incident. First, he submits that the stop and search of the van in his driveway was improper because the information received from the 9-1-1 caller had not been legally sufficient to provide the officers with probable cause. Second, petitioner contends that the underlying facts also did not afford the officers probable cause to trespass upon his property and ultimately place him under arrest for the alleged offenses.
 {¶ 6} In now moving to dismiss petitioner's claim, respondent basically argues that the foregoing allegations are insufficient to satisfy the essential elements for a writ of habeas corpus. As this court has noted in numerous prior opinions, if an inmate in a state prison has not completed his maximum sentence, a writ of habeas corpus will lie to compel the inmate's release only when the trial court in the underlying criminal case lacked the requisite jurisdiction to impose the conviction and sentence. See, e.g., McKay v. Gansheimer, 11th Dist. No. 2003-A-0123, 2004-Ohio-4284, at ¶ 4. In light of this, we have expressly concluded that a habeas corpus petition fails to state a viable claim for the writ when it does not allege that the trial court committed an error which deprived it of jurisdiction over the case. Watson v.Altier, 11th Dist. No. 2006-T-0097, 2006-Ohio-5831, at ¶ 4. Furthermore, it is well settled under Ohio law that an inmate is not entitled to the issuance of the writ when there exists an alternative legal remedy *Page 4 
through which he could obtain the identical relief sought under the habeas corpus claim. Id.
 {¶ 7} By alleging in the present matter that his Fourth Amendment rights were violated by the police, petitioner is essentially asserting that any evidence stemming from his arrest should have been suppressed. In considering this type of assertion in prior habeas corpus actions, we have held that the assertion does not state a plausible argument for the writ:
 {¶ 8} "In light of the foregoing basic principles governing a habeas corpus action, this court has indicated that a question concerning the suppression of evidence cannot be litigated in the instant type of proceeding because, even if a trial court in a criminal case renders an erroneous ruling on such a question, it would not have any effect over that court's jurisdiction. Johnson v. Bobby, 11th Dist. No. 2003-T-0181,2004-Ohio-1075, at ¶ 7. We have further indicated that a trial court's denial of a motion to suppress cannot form the basis of a viable habeas corpus claim because the defendant has an adequate legal remedy through a direct appeal from any resulting conviction. State ex rel. Brown v.Logan, 11th Dist. No. 2004-T-0088, 2004-Ohio-6951, at ¶ 6." Id, at ¶ 5.
 {¶ 9} As part of his allegations before us, petitioner states that the issue of the constitutionality of his arrest was never raised before the Cuyahoga County trial court. However, the foregoing precedent stands for the legal proposition that, regardless of what occurred at the trial level, any error regarding the suppression of evidence cannot be contested in a habeas corpus action because such an alleged error would have no effect upon the trial court's jurisdiction to proceed. Instead, the improper admission of *Page 5 
unconstitutional evidence would be a mere procedural error which must be challenged in a direct appeal from the conviction. Hence, even if the allegations as to petitioner's arrest were sufficient to establish a Fourth Amendment violation, they are insufficient to state a proper basis for a writ of habeas corpus.
 {¶ 10} In addition to the foregoing, petitioner argues that he was denied effective assistance of counsel because: (1) his trial attorney did not contest the constitutionality of his arrest; and (2) his trial attorney failed to call certain witnesses at trial. However, the basic logic which has been followed as to "Fourth Amendment" claims would also apply to claims of ineffective assistance. That is, the propriety of an attorney's actions cannot be raised in a habeas corpus case because such an error does not pertain to a trial court's jurisdiction and is properly litigated in a direct appeal. Johnson v. Bobby, 11th Dist. No. 2003-T-0181, 2004-Ohio-1075, at ¶ 5, citing State ex rel. Dotson v.Rogers (1993), 66 Ohio St.3d 25.
 {¶ 11} Although the majority of petitioner's allegations relate to the propriety of his arrest, his petition also contains references to three other issues. First, he submits that the evidence before the Cuyahoga County Grand Jury was insufficient to support an indictment on three counts of felonious assault. Second, he contends that the state failed to provide full discovery of all exculpatory evidence. Third, he argues that the trial court committed certain errors during the "voir dire" process.
 {¶ 12} While each of these three issues raises a possible procedural error which could constitute a reason for reversing petitioner's conviction on appeal, none of them pertain to, or could have any effect upon, the jurisdiction of the Cuyahoga County trial court. Moreover, this court would emphasize that the merits of the first and third issues *Page 6 
could have been properly addressed in a direct appeal from the underlying conviction. As to the "discovery" issue, we would indicate that if petitioner did not become aware of the undisclosed evidence until after his conviction had become final, he would have an adequate legal remedy through a petition for postconviction relief under R.C.2953.21 and 2953.23(A); on the other hand, if petitioner was aware of the alleged withholding of evidence prior to the issuance of the trial court's final judgment, a direct appeal would have again been the proper means to contest the issue. As a result, none of petitioner's three separate issues can satisfy the basic elements for a writ of habeas corpus.
{¶ l3} Since an action in habeas corpus is considered a civil proceeding, it can be subject to dismissal under Civ.R. 12(B)(6).McKay, 2004-Ohio-4284, at ¶ 4. Under that rule, a petition can be dismissed for failing to state a viable claim for relief when the inmate's own allegations show beyond a reasonable doubt that he will not be able to prove a set of facts under which he would be entitled to the writ. Id.
 {¶ 14} Pursuant to the foregoing analysis, this court concludes that the factual allegations in the instant petition are not legally sufficient to meet the Civ.R. 12(B)(6) standard. That is, even when petitioner's allegations are construed in a manner most favorable to him, he still would be unable to demonstrate a jurisdictional defect in his conviction and the lack of an adequate legal remedy. Accordingly, respondent's motion to dismiss the pending claim is granted. It is the order of this court that petitioner's entire habeas corpus petition is hereby dismissed.
DIANE V. GRENDELL, J., COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1