OPINION
{¶ 1} Petitioner-appellant, Aaron Miner, appeals from a Belmont County Common Pleas Court judgment denying his habeas corpus petition.
 {¶ 2} On April 12, 2006, appellant pleaded guilty to and was convicted of two counts of felony domestic violence in the Stark County Common Pleas Court. The court sentenced him to two, four year prison terms to be served concurrently.
 {¶ 3} On February 22, 2007, the Stark County Court granted appellant judicial release. It suspended the balance of appellant's sentence and placed him on community control for three years, subject to numerous conditions.
 {¶ 4} On September 25, 2007, appellant's probation officer filed a motion to revoke appellant's probation. The motion alleged that appellant tested positive for cocaine on July 30, and August 1, 2007, and positive for alcohol on September 21, 2007, all in violation of his probation conditions.
 {¶ 5} On October 10, 2007, the Stark County Court revoked appellant's judicial release and re-imposed his sentence. It stated that appellant stipulated to violating the terms of his release.
 {¶ 6} On March 17, 2008, appellant filed a petition for a writ of habeas corpus in the Belmont County Common Pleas Court against respondent-appellee, Michelle Eberlin, Warden, Belmont Correctional Institute, asserting that he was being illegally detained. He alleged that he had completed all of his required judicial release/community control and was not under any type of supervised release but that he was nonetheless subjected to a drug/alcohol test, his release was violated, and he was sent to prison.
 {¶ 7} Appellee filed a motion to dismiss arguing that appellant was not entitled to release because his maximum prison term had not expired and his petition was procedurally defective because he failed to attach his commitment papers.
 {¶ 8} Because neither party requested a hearing, the court took the matter under advisement. It subsequently denied appellant's petition. The court based its decision on two separate grounds. First, it determined that appellant could have raised his claim that he was not on supervised release at the time he was violated *Page 2 
and sent to prison in a direct appeal. Thus, it stated that habeas relief was not proper. Second, it found that although appellant attached a copy of the order granting judicial release to his petition, he did not attach a copy of his commitment papers. Therefore, it concluded that the petition must be dismissed.
 {¶ 9} Appellant filed a timely notice of appeal on July 21, 2008.
 {¶ 10} Appellant, acting pro se, fails to set out assignments of error or a statement of the issues as is required by App. R. 17(A)(3) and (4). Instead, he goes to great lengths to talk about drug/alcohol tests, his probation officer, and missing transcripts.
 {¶ 11} Even though appellant is proceeding pro se, he is bound by the same rules and procedures as litigants who retain counsel.Jancuk v. Jancuk (Nov. 24, 1997), 7th Dist. No. 94 CA 221, citingMeyers v. First Natl. Bank of Cincinnati (1981),3 Ohio App.3d 209, 210, 444 N.E.2d 412; Dawson v. Pauline Homes,Inc. (1958), 107 Ohio App. 90, 154 N.E.2d 164. In the interest of justice, however, we will examine the merits of appellant's argument.
 {¶ 12} Appellant argues that he was provided ineffective assistance of counsel. He claims that his appointed counsel "had full knowledge that the trial court did not have the requisite subject matter jurisdiction to effect a sentence based strictly upon the fact that Mr. Miner was not on any supervised release program." Appellant further argues here that he was not on any type of judicial release or community control yet, somehow, the court found that he violated the terms of his community control.
 {¶ 13} We review a trial court's decision to deny a writ of habeas corpus for abuse of discretion. Thorpe v. Kerns, 3d Dist. No. 1-08-31, 2008-Ohio-6578, at ¶ 9. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 14} The trial court gave two separate reasons for denying appellant's petition: (1) appellant's allegations could have been raised in a direct appeal; and (2) *Page 3 
the petition was procedurally defective for failure to attach the commitment papers. Either one of these reasons alone was sufficient to deny appellant's petition.
 {¶ 15} Habeas corpus is an extraordinary remedy that is available only when there is no adequate remedy at law, such as a direct appeal or postconviction relief. State ex rel. Harris v.Anderson (1996), 76 Ohio St.3d 193, 194, 667 N.E.2d 1. Habeas is not a substitute for a direct appeal. Daniel v. State,98 Ohio St.3d 467, 2003-Ohio-1916, at ¶ 8.
 {¶ 16} In his petition, appellant argued that the trial court should not have sent him to prison because he alleged that he was no longer on community control at the time he violated the conditions. This issue should have been raised in a direct appeal from the judgment finding that appellant violated his community control conditions and re-imposing his sentence. When the petitioner could have pursued a direct appeal, habeas corpus will not lie as a remedy.Luna v. Russell (1994), 70 Ohio St.3d 561, 639 N.E.2d 1168. Thus, the trial court acted within its discretion in denying appellant's petition on this basis.
 {¶ 17} Additionally, appellant now argues on appeal that his trial counsel was ineffective for not calling to the court's attention the alleged fact that he was no longer on community control when he tested positive for drugs and alcohol. A claim of ineffective assistance of counsel is one properly raised in a direct appeal and is not cognizable in habeas corpus. Wooton v. Brunsman,112 Ohio St.3d 153, 2006-Ohio-6524, at ¶ 7.
 {¶ 18} Furthermore, as the trial court also found, appellant's petition was defective.
 {¶ 19} R.C. 2725.04(D) provides: "A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."
 {¶ 20} To his petition, appellant attached a copy of the judgment entry granting him judicial release. However, he did not attach a copy of the judgment entry re-imposing *Page 4 
his prison sentence.
 {¶ 21} "A habeas petition is fatally defective if a defendant fails to attach all of his pertinent commitment papers.Tisdale v. Eberlin,114 Ohio St.3d 201, 2007-Ohio-3833, ¶ 6 (where defendant claimed speedy trial violation and attached papers from his Columbiana County conviction but not the papers from his Jefferson County conviction where he was being held on both); State ex rel. Johnson v. Ohio Dept. ofRehab. Corr. (2002), 95 Ohio St.3d 70, 71 (underlying entry resulting in confinement required, not just parole board's decision to maintain inmate in prison)." (Emphasis sic.) Mosley v. Eberlin, 7th Dist. No. 08-BE-7, 2008-Ohio-6593, at ¶ 39.
 {¶ 22} Thus, once again, the trial court acted within its discretion in denying appellant's petition because it was defective.
 {¶ 23} On these bases alone, we must affirm the trial court's judgment. But for thoroughness's sake, we will briefly address the merits of appellant's underlying argument.
 {¶ 24} R.C. 2725.01 provides: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."
 {¶ 25} Appellant claimed in his petition that he is being unlawfully imprisoned. Appellant's claim of unlawful imprisonment stems from his assertion that at the time of his drug/alcohol tests, he was no longer on any type of community control sanctions. This assertion is unfounded.
 {¶ 26} Appellee attached all of the relevant documents and judgment entries from the Stark County Court proceedings to the motion to dismiss. Upon examining these documents, the following is clear.
 {¶ 27} The court sentenced appellant to concurrent four-year prison terms on April 12, 2006. The court granted appellant judicial release on February 22, 2007. At this time, the court suspended the balance of appellant's four-year prison term. It placed him on three years of community control. One of the conditions of his *Page 5 
community control was that he not ingest any illegal drugs or alcohol. On September 25, 2007, appellant's probation officer filed a motion to revoke appellant's probation due to positive tests for cocaine and/or alcohol on July 30, August 1, and September 21, 2007. On October 10, 2007, the court revoked appellant's judicial release and re-imposed his sentence.
 {¶ 28} Examining this timeline reveals that appellant was in fact under community control sanctions when he tested positive for cocaine and alcohol. Appellant's three-year community control began on or about February 22, 2007. His positive drug/alcohol tests occurred only six to seven months into his three years of community control. Furthermore, the fact that he was reporting to his probation officer and submitting samples for these tests further supports the notion that appellant was on community control. Thus, even if appellant's petition was not defective and even if this was the proper subject for a habeas petition, appellant still could not prevail.
 {¶ 29} Accordingly, appellant's arguments are without merit.
 {¶ 30} For the reasons stated above, the trial court's judgment is hereby affirmed.
Waite, J., concurs.
DeGenaro, J. concurs. *Page 1