[Cite as *Willis v. Miller*, 2011-Ohio-5166.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JUSTIN WILLIS, | ) | |
| | ) | CASE NO.    11 BE 25 |
| PETITIONER, | ) | |
| | ) | OPINION |
| - VS - | ) | AND |
| | ) | JUDGMENT ENTRY |
| MICHELE MILLER, WARDEN, | ) | |
| BELMONT CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:        Petitioner's Petition for Writ of Habeas
                                                          Corpus; Respondent's Motion to Dismiss.

JUDGMENT:                                         Petition for Writ of Habeas Corpus Denied;
                                                          Motion to Dismiss Granted.

APPEARANCES:
For Petitioner:                                     Justin Willis, *Pro Se*
                                                          #592-460
                                                          Belmont Correctional Institution
                                                          P.O. Box 540
                                                          St. Clairsville, Ohio  43950

For Respondent:                                 Attorney Michael DeWine
                                                          Attorney General
                                                          Attorney Morgan Linn
                                                          Assistant Attorney General
                                                          Criminal Justice Section
                                                          150 East Gay Street, 16th Floor
                                                          Columbus, Ohio  43215

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                                          Dated:  September 26, 2011

PER CURIAM:

¶{1} Petitioner Justin Willis filed a *pro se* petition for writ of habeas corpus against Respondent Michele Miller, Warden of the Belmont Correctional Institution. Respondent moved to dismiss the petition asserting that there is an adequate remedy at law for all arguments raised and thus, habeas corpus does not lie.

¶{2} The writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy at law, such as a direct appeal or post-conviction relief. *In re Pianowski*, 7th Dist. No. 03MA16, 2003-Ohio-3881, ¶3, citing *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 593. See, also, *Miner v. Eberlin*, 7th Dist. No. 08BE21, 2009-Ohio-934, ¶15. An appeal does not constitute an adequate remedy and does not bar extraordinary relief if the trial court "patently and unambiguously lacks jurisdiction over the pending case." *State ex rel. Lewis v. Moser,* 72 Ohio St.3d 25, 28, 1995–Ohio–148; *Ross v. Saros,* 99 Ohio St.3d 412, 414, 2003-Ohio-4128.

¶{3} Petitioner was indicted in Cuyahoga County and pled guilty to trafficking in violation of R.C. 2925.03(A)(2), a third-degree felony which contained a forfeiture specification. The Cuyahoga County Common Pleas Court sentenced him to three years in prison and three years of post release control. A review of the online docket from the Eighth District Court of Appeals indicates that Petitioner did not appeal his conviction.

¶{4} The majority of the arguments presented in the petition concern alleged errors or irregularities in Petitioner's arrest and conviction. Specifically, that the search and seizure was illegal and thus, the arrest was also illegal. Those arguments do not challenge the Cuyahoga County Common Pleas Court's jurisdiction. Reviewing courts have held that illegal search and seizure and arrest arguments do not state a viable basis for a writ of habeas corpus because there was an adequate remedy by way of appeal. *In re Turpin* (1960), 171 Ohio St. 17; *Novak v. Gansheimer*, 11 Dist. No. 2003-A-0023, 2003-Ohio-5428, ¶8.

¶{5} The petition also contains an argument that the illegal search and seizure somehow lead his plea to be involuntary. Any argument regarding the voluntariness of his plea does not warrant the issuance of the writ. The validity of a guilty plea could be raised during a direct appeal. Furthermore, the arguments concerning his guilty plea do not relate to the jurisdiction of the Cuyahoga County

Common Pleas Court to hear the matter. *State v. Fitzpatrick*, 11th Dist. No. 2009-L-030, 2010-Ohio-710, ¶11.

¶{6} The last argument the petition contains is an assertion that there were sentencing errors. Specifically, Petitioner asserts that the post-release control sentence is incorrect. Sentencing errors by a court that had proper jurisdiction cannot be remedied by extraordinary writ. *State ex rel. Jaffal v. Calabrese*, 105 Ohio St. 3d 440, 2005-Ohio-2591, ¶5 citing *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 443. It is true that sentences issued prior to July 11, 2006 that do not correctly sentence an offender to post-release control are void. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434. However, the designation of the sentences as void does not negate the jurisdiction of the trial court to sentence the offender. Regardless, the sentence here cannot be described as void. Petitioner was sentenced in 2010, thus R.C. 2929.191 applies and, as such, if there is any defect in the post-release control sentence, the sentence is voidable, not void. Id. at 35-36. Any defect in the post-release control sentence could be corrected through R.C. 2929.191. Furthermore, a review of the sentencing judgment indicates that petitioner was properly advised of post release control. Thus, this argument is not cognizable in habeas corpus.

¶{7} For all arguments raised, there was an adequate remedy at law through a direct appeal. Thus, there is no basis for this court to find that the Cuyahoga County Common Pleas Court did not have jurisdiction over the criminal charges brought against Petitioner. The issuance of a writ of habeas corpus does not lie. Respondent's motion to dismiss is hereby granted.

¶{8} Final order. Clerk to serve notice as provided by the Civil Rules.

Vukovich, J., concurs.
Donofrio, J., concurs.
Waite, P.J., concurs.