[Cite as *Barry v. Barry*, 2013-Ohio-181.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

CHERYL R. BARRY (nka Kahn)          :

    Plaintiff-Appellant          :          C.A. CASE NO.   25387

v.          :          T.C. NO.   07DM688

GREGORY P. BARRY          :          (Civil appeal from Common
                          Pleas Court, Domestic Relations)
    Defendant-Appellee          :

                                     :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    25th    day of    January   , 2013.

. . . . . . . . . .

CHERYL R. BARRY (nka KAHN), 1141 Bay Harbour Circle, Dayton, Ohio 45458
    Plaintiff-Appellant

GREGORY P. BARRY, 2630 Netherland Drive, Beavercreek, Ohio 45431
    Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}** Plaintiff-appellant Cheryl R. Barry (nka Kahn) appeals, pro se, a decision of

the Montgomery County Court of Common Pleas, Domestic Relations Division, adopting

the decision of the magistrate which sustained in part and denied in part defendant-appellee Gregory P. Barry's motion for change of custody with respect to the parties' minor daughter K.B. and termination of his child and spousal support.

**{¶ 2}** The judgment and entry adopting the decision of the magistrate was filed by the trial court on September 11, 2012. On September 26, 2012, Kahn filed a timely notice of appeal with this Court.

**{¶ 3}** Barry and Kahn were married on May 25, 1991, in Seaford, New York. The parties produced three children as a result of the marriage, to wit: C.B., born on February 15, 1991; A.B., born on February 14, 1995; and K.B., born on November 20, 2001. On December 11, 2007, a Final Decree of Dissolution of Marriage was filed, thereby terminating their marriage. Barry retained custody of C.B., and Kahn was granted custody of A.B. and K.B. Barry was ordered to pay child support to Kahn in the amount of $52.00 per month per child for the two children in her custody. Barry was also ordered to pay Kahn $1,000.00 per month in spousal support for a period of fifty-seven months effective January 1, 2008.

**{¶ 4}** C.B. became emancipated on his eighteenth birthday on February 15, 2009. Approximately one month later, A.B. left Kahn's residence and moved in with Barry. The trial court found that the parties agreed that A.B. should be in Barry's custody. On May 4, 2011, Barry filed his motion for reallocation of parental rights for A.B. and K.B., as well as termination of his spousal support and child support obligations. After a hearing held on September 15, 2011, the magistrate issued a written decision on January 17, 2012, granting Barry custody of both A.B. and K.B. Accordingly, the magistrate suspended Barry's child

support obligation with respect to the minor children. The magistrate also decreased Barry's spousal support obligation from $1,000.00 per month to $650.00 per month.

**{¶ 5}** Kahn filed an objection to the magistrate's decision on January 27, 2012. In her objection, Kahn asserted that "[t]he magistrate's decision stated several misstatements of facts concerning Plaintiff's care of the minor child [K.B.], and misstatements of law. The magistrate's decision is against the manifest weight of the evidence and contrary to law." Although Kahn requested an additional thirty days in which to file supplemental objections, the record is devoid of any such additional filing. In its decision adopting the magistrate's decision, the trial court found that Kahn had failed to follow Civ. R. 53(D)(3)(b)(ii) which requires that "an objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." The trial court noted that Kahn's general objection lacked the specificity required by Civ. R. 53(D)(3)(b)(ii). The trial court also noted that Kahn failed to file supplemental objections. Accordingly, the trial court overruled Kahn's objection and adopted the decision of the magistrate in its entirety.

**{¶ 6}** It is from this judgment that Kahn now appeals.

**{¶ 7}** Kahn filed a rambling ninety-six page handwritten brief with this court on November 4, 2012. On November 27, 2012, she filed a twelve page addendum to her merit brief, also handwritten. Preliminarily, we note Kahn carries the burden of affirmatively demonstrating error on appeal. App.R. 9 and 16(A)(7); *State ex rel. Fulton v. Halliday*, 142 Ohio St. 548, 549, 53 N.E.2d 521 (1944). Kahn, a pro se litigant, "is bound by the same rules and procedures as litigants who retain counsel." *Miner v. Eberlin*, 7th Dist. Belmont No. 08-BE-21, 2009-Ohio-934, ¶ 11. "'[Pro se civil litigants] are not to be accorded greater

rights and must accept the results of their own mistakes and errors.'" *Karnofel v. Cafaro Mgt. Co.*, 11th Dist. Trumbull No. 97-T-0072, 1998 WL 553491, *2 (June 26, 1998), quoting *Meyers v. First Natl. Bank*, 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1st Dist. 1981).

{¶ 8}     A review of Kahn's appellate brief reveals that she has failed to comply with App.R. 16.   Namely, Kahn has failed to set forth any assignment of error for our review. App.R. 16(A)(3) mandates that an appellant's brief must contain assignments of error presented for review with reference to the place in the record where each error is reflected. "An appellate court is not a performing bear, required to dance to each and every tune played on appeal." *State v. Watson*, 126 Ohio App.3d 316, 321, 710 N.E.2d 340 (12th Dist. 1998).

{¶ 9}     Upon review, Barry is left in the untenable position of having to formulate what he believes the assigned error to be and argue against it as perceived.   Barry should not have to speculate in this manner.   Nor is it this Court's duty to search the record for support of appellant's musings as to any alleged error.   As Kahn has failed to set forth any assignment of error for our review, we affirm the judgment of the Montgomery Court of Common Pleas, Domestic Relations Division.

. . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

Copies mailed to:

Cheryl R. Barry (nka Kahn)
Gregory P. Barry
Hon. Denise L. Cross