[Cite as *Latina v. Ciora*, 2014-Ohio-2887.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| JOSEPH M. LATINA, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-L-112** |
| BEVERLY A. CIORA, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Willoughby Municipal Court, Case No. 13 CVI 00904.

Judgment: Affirmed.

*Joseph M. Latina*, pro se, 131 East 205th Street, Euclid, OH 44123 (Plaintiff-Appellant).

*April C. Ryan* and *Craig S. Cobb*, Law Offices of Craig S. Cobb, 55 Public Square, Suite 1580, Cleveland, OH 44113 (For Defendant-Appellee).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Joseph A. Latina, appeals the judgment of the Willoughby Municipal Court finding in favor of appellee, Beverly A. Ciora, on appellant's small claim complaint seeking damages in the amount of $3,000. Appellant alleged that appellee improperly backed into appellant's vehicle causing extensive damage. The trial court also granted judgment in favor of appellee on her counterclaim in the amount of $300 plus interest at 3% per annum from the date of judgment and costs. Based on the following, we affirm.

{¶2} The record demonstrates that on April 6, 2013, the parties were involved in a motor vehicle accident whereby appellee was backing out of a driveway onto East Spaulding Avenue; appellant was traveling westbound on East Spaulding Avenue. The vehicles collided.

{¶3} Appellant filed his complaint against appellee on May 20, 2013. Appellee filed a counterclaim against appellant on June 15, 2013. Appellee alleged that appellant hit the back of her vehicle causing a total loss of her vehicle. Appellee sought judgment against appellant in the sum of $3,000 plus interest at the rate of 3% and court costs.

{¶4} The matter came on for a hearing on August 5, 2013. After the hearing, the magistrate issued her decision, finding the following: "an independent witness testified that plaintiff was not paying attention as defendant pulled out. Both parties' damage is in excess of $3,000. It is found that plaintiff was 55% negligent and [defendant] is 45% negligent." The magistrate granted judgment for appellee on the complaint and judgment for appellee on the counterclaim in the amount of $300 plus interest at a rate of 3% and court costs.

{¶5} Appellant filed objections to the magistrate's decision. Appellant, however, failed to provide a transcript of the proceedings before the magistrate. The trial court noted this failure and further noted that neither party filed an affidavit with respect to any of the magistrate's findings of fact. The trial court affirmed the decision of the magistrate.

{¶6} Appellant filed a notice of appeal and asserts the following assignments of error for our review:

> [1.] The trial court committed an error in granting defendant-appellee's, Beverly A. Ciora, motion for summary judgment based

upon its opinion that the plaintiff-appellant, Joseph M. Latina, was 'not paying attention' as the defendant-appellee was backing up. The trial court is in error in its interpretation/enforcement of ORC 4511.38 (Rules for starting and backing vehicles) regarding exercising vigilance not to injure person or property on the street of highway which is the responsibility of the backing vehicle and its operator, defendant-appellees', Beverly A. Ciora.

[2.] The trial court committed an error in its granting defendant-appellee's, Beverly A. Ciora, motion of summary judgment based on the determination that the 'independent witness' testimony was accurate. The 'independent witness' testified that the plaintiff-appellee was going faster than 10 mph on a street where the speed limit is 25 mph while traveling straight but admitted he was not able to determine the speed. This witness then testified that the defendant-appellant, Joseph M. Latina, was 'looking to the left.' The line of sight and the dynamics of the plaintiff's-appellant's vehicle, involved at the time of the incident does not give the 'independent witness' a reasonable or beneficial position to be able to make such a determination. The 'independent witness' also testified that the defendant-appellee, Beverly A. Ciora, backed into the middle of the street and that the plaintiff-appellant, Joseph M. Latina, made contact with the defendant-appellee vehicle near East Spaulding Street/Public Square in Willoughby Ohio at approximately 6:10 P.M. on Saturday, April 6th, 2013 and 'pushed' her vehicle. The 'independent witness'' testimony is inaccurate and based on hearsay evidence and his own opinion. The physical evidence, police report and photo evidence shows contrary.

[3.] The trial court committed an error in its granting defendant-appellee's, Beverly A. Ciora, motion of summary judgment based on the defendant's-appellee's admitted unfamiliarity with the area and distraction level. The defendant-appellee, Beverly A. Ciora, testified that she was not familiar with the area where the auto accident occurred. The defendant-appellee, Beverly A. Ciora, also testified that she had a canine in the vehicle with her that was not restrained causing distraction. The defendant-appellee, Beverly A. Ciora, testified that she was unaware that the driveway for 12 Public Square was a private drive with a posted no trespassing sign. The defendant-appellee, Beverly A. Ciora, testified that she had a bright colored object in the back shelf of her rear window.

{¶7} Appellant, a pro se civil litigant, "is bound by the same rules and procedures as litigants who retain counsel." *Miner v. Eberlin*, 7th Dist. Belmont No. 08-

3

BE-21, 2009-Ohio-934, ¶11. "'[Pro se civil litigants] are not to be accorded greater rights and must accept the results of their own mistakes and errors.'" *Karnofel v. Cafaro Mgt. Co.*, 11th Dist. Trumbull No. 97-T-0072, 1998 Ohio App. LEXIS 2910, *2 (June 26, 1998), quoting *Meyers v. First Natl. Bank*, 3 Ohio App.3d 209, 210 (1st Dist.1981).

{¶8} A review of the record reveals that appellant has failed to file a transcript of the trial court proceedings. "Upon appeal of an adverse judgment, it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19 (1988). "Any lack of diligence on the part of an appellant to secure a portion of the record necessary to his appeal should inure to appellant's disadvantage rather than to the disadvantage of appellee." *Id*.

{¶9} In *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980), the Ohio Supreme Court held:

> The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.

{¶10} Appellant failed to provide a transcript of the trial held before the magistrate when he appealed the magistrate's decision to the trial court, as required by Civ.R. 53(D)(3)(b)(iii). That rule provides:

> Objection to magistrate's factual finding; transcript or affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript

4

is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶11} The trial court recognized appellant's failure to file a transcript in its judgment entry. The trial court, without a transcript of the proceedings before the magistrate, could not consider appellant's objections. Appellant cannot claim the trial court erred in adopting the magistrate's decision.

{¶12} Appellant's assignment of errors all attack factual findings by the magistrate. As such, a transcript or affidavit as set forth in the rule was necessary in order to allow the trial court to consider appellant's objections. Appellant has failed to provide the trial court or this court with a transcript of the proceeding or an affidavit. As a result, we have no alternative but to affirm the judgment of the Willoughby Municipal Court.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.