[Cite as *Lloyd v. Thornsbery*, 2018-Ohio-2893.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| SUSAN LLOYD, | : | **O P I N I O N** |
| Petitioner-Appellant, | : | |
| - vs - | : | **CASE NO. 2017-P-0029** |
| JOSHUA THORNSBERY, | : | |
| Respondent-Appellee. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2016 CV 00390.

Judgment: Affirmed.

*Susan Lloyd*, pro se, 9275 Dorothy Drive, Streetsboro, OH 44241 (Petitioner-Appellant).

*Mark J. Hanna*, P.O. Box 301, Kent, OH 44240 (For Respondent-Appellee).

TIMOTHY P. CANNON, J.

{¶1}    Appellant, Susan Lloyd, appeals from the May 26, 2017 judgment entry of the Portage County Court of Common Pleas.  The trial court held appellant failed to meet her burden of proof to obtain a civil protection order.  The trial court's judgment is affirmed for the following reasons.

{¶2}    On April 21, 2017, appellant filed a petition for a civil stalking protection order in the Portage County Court of Common Pleas against Joshua Thornsbery, appellee herein.  Appellant and appellee are neighbors.  In the petition, appellant alleged appellee and his friends stalked her, watched her from appellee's yard, and

made sexual comments directed at her for one year preceding her filing the petition. Appellant requested a civil protection order under R.C. 2903.214 that would stop appellee and his friends from stalking her and posting on Facebook about her. Appellant additionally requested the court issue an ex parte protection order under R.C. 2903.214(D), which was denied after a hearing.

{¶3} A full civil protection order hearing was held May 11 and May 16, 2017. Appellant and appellee were each represented by counsel, and they each testified. Appellant additionally presented the testimony of her psychologist and two of her friends. Appellant also provided the trial court with the videotaped deposition of her primary care doctor and the following exhibits: videos depicting appellee's actions towards her; a diary appellant kept that chronicled appellee's actions towards her from January 26, 2016, through April 14, 2017; photographs; print outs of Facebook posts; copies of police reports involving appellant and appellee; and a complaint with the Akron Regional Air Quality Management District that appellant filed against appellee.

{¶4} On May 25, 2017, the trial court announced its decision. After reviewing all the evidence, the trial court determined that although appellee's conduct was obnoxious, appellant had failed to meet her burden to demonstrate by a preponderance of the evidence that a civil protection order should be put into place. The trial court entered judgment on May 26, 2017.

{¶5} Appellant filed a pro se notice of appeal on June 20, 2017. Appellant asserts 27 assignments of error. They state:

> [1.] The trial court committed reversible error by denying plaintiff civil protection order after the plaintiff submitted sufficient evidence to establish a genuine material fact as to plaintiff's right to a civil protection order after hearing evidence from 2 expert physician

2

witnesses and 2 other witnesses who confirmed the behaviors of defendant caused plaintiff emotional distress and physical harm.

[2.] The trial court committed reversible error by allowing defendant's Attorney Mark J Hanna to lie in court.

[3.] The trial court committed reversible error by going against a precedented [11th] district case Frenchko vs Frenchko Nagy that shows a protection order is proven and should be granted when the victim seeks medical assistance and requests a police investigation.

[4.] The trial court committed reversible error by ignoring Facebook evidence even with a precedented case Frenchko vs Frenchko Nagy where Facebook posts were used to grant a protection order.

[5.] The trial court committed reversible error by going against precedented case Fortney vs Willhoite where incidences 2 years prior were used to obtain a protection order. Fortney also states if you go to the police, then you feel threatened.

[6.] The trial court committed reversible error by using an objective approach compared to a subjective approach to denying plaintiffs protection order.

[7.] The trial court committed reversible error by changing the transcript and refusing to release audio of the trial to show transcript was changed. [Sic.]

[8.] The trial court committed reversible error by allowing plaintiff's past cases which were all settled in her behalf to come into evidence.

[9.] The trial court committed reversible error by holding against plaintiff the fact plaintiff paid expert physician witnesses to testify in her behalf.

[10.] The trial court committed reversible error by forcing Dr. Buchanan to testify in regards to plaintiff's medicines after Dr. Buchanan adamantly told the trial court she does not prescribe medicines and are [sic] unfamilar with them.

[11.] The trial court committed reversible error by refusing to delay the trial date so plaintiff's attorney Bradley Hull IV could represent her and then delayed the trial for defendant's attorney.

[12.] The trial court committed reversible error by ignoring illegal drug use especially in light of the [trial] court running a drug court.

[13.] The trial court committed reversible error by harassing plaintiff in regards to security cameras which were legally placed and all because the defendant does not like them.

[14.] The trial court committed reversible error by refusing to look at plaintiff's evidence in its entirity [sic].

[15.] The trial court committed reversible error by stating people are allowed to conduct behaviors from their own property or public roads when it puts you in fear of your safety and are threatening and harassing.

[16.] The trial court committed reversible error by refusing defendants to comply with Ohio and City of Streetsboro laws. [Sic.]

[17.] The trial court committed reversible error to deny plaintiff's protection order by requiring an enormous burden of recent threats towards plaintiff to prove a civil protection order when the law states a protection order is granted when 2 or more incidents over the last 2 years put plaintiff in emotional distress or fear for her safety. [Sic.]

[18.] The trial court committed reversible error by defaming plaintiff and denying a protection order based on the defamatory belief of [trial] court that plaintiff suffers mental illness. [Sic.]

[19.] The trial court committed reversible error by permitting the defendant to commit perjury.

[20.] The trial court committed reversible error by allowing others to testify to facts they have no first hand knowledge of.

[21.] The [trial] court committed reversible error by calling plaintiff a liar even though plaintiff had other documents to support her claims that trial court refused to look at.

[22.] The trial court committed reversible error by denying plaintiff's protection order even though defendant admits to vulgar comments about plaintiff on Facebook and admits to doing other things to aggravate and cause plaintiff injury.

4

[23.] The trial court committed reversible error by refusing to allow defendant to testify as to his knowledge that cigarette smoke injures plaintiff.

[24.] The trial court committed reversible error by using a criminal standard for a civil protection order.

[25.] The trial court committed reversible error by considering irrelevant issues.

[26.] The trial court committed reversible error by denying protection order based on plaintiff's appearance and demeanor on the witness stand.

[27.] The trial court committed reversible error by stating plaintiff did not meet burden of proof to show defendant caused her physical harm or mental distress by preponderance of the evidence.

{¶6} We address appellant's assignments of error out of order.

{¶7} Throughout her first, twenty-first, twenty-sixth, and twenty-seventh assignments of error, appellant argues she presented sufficient evidence to support the granting of a civil protection order, and the trial court's determination that she was not entitled to a protection order was against the manifest weight of the evidence.

{¶8} A person may seek a protection order based on "[a]n allegation that the respondent * * * engaged in a violation of [R.C. 2903.211] against the person to be protected by the protection order or committed a sexually oriented offense against the person to be protected by the protection order, including a description of the nature and extent of the violation[.]" R.C. 2903.214(C)(1). Under R.C. 2903.211(A)(1): "No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person * * * or cause mental distress to the other person[.]"

{¶9} The decision whether to issue a civil protection order lies within the discretion of the trial court. *Tuuri v. Snyder*, 11th Dist. Geauga No. 2000-G-2325, 2002

WL 818427, *2 (Apr. 30, 2002), citing *Williams v. McDougal*, 4th Dist. Gallia No. 00CA014, 2001 WL 694591, *2 (May 16, 2001); *see also Lundin v. Niepsuj*, 9th Dist. Summit No. 26015, 2014-Ohio-1212, ¶9 (citation omitted). However, when the trial court exercises its discretion to grant a protection order under R.C. 2903.214, the court must find the petitioner established a violation of R.C. 2903.11 by a preponderance of the evidence. *See Frenchko v. Frenchko-Nagy*, 11th Dist. Trumbull No. 2015-T-0011, 2015-Ohio-4546, ¶22 (citations omitted); *Lundin, supra*, at ¶10. On appeal, "'we review the evidence underlying protection orders to determine whether sufficient evidence was presented or whether the protection order is against the manifest weight of the evidence.'" *Lundin, supra*, at ¶10, quoting *A.S. v. P.F.*, 9th Dist. Lorain No. 13CA010379, 2013-Ohio-4857, ¶4.

{¶10} "[S]ufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support the verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶25, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386-387 (1997). "Weight of the evidence concerns '"the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other."'" *Frenchko, supra*, at ¶24, quoting *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶12, quoting *Black's Law Dictionary* 1594 (6th Ed.1990). "This court [is] not in a position to view the witnesses who testified below and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the proffered testimony." *State v. Long*, 127 Ohio App.3d 328, 335 (4th Dist.1998) (citations omitted). Therefore, an appellate court must give substantial deference to the factfinder's determinations of credibility. *See State v. Tribble*, 2d Dist.

6

Montgomery No. 24231, 2011-Ohio-3618, ¶30, citing *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus.

{¶11} When the trial judge announced her decision on May 25, 2017, she explained she had reviewed all the evidence and stated: "It's a subjective test. But that has to be credible. And I do not find based upon what I've heard, what I've read, what I have seen involved in this civil protection order that it is credible." Assuming appellant had provided sufficient evidence to support the grant of a protection order, the trial court found the evidence she presented was not credible. This court must give substantial deference to the trial court's determination of credibility. Based on the fact that the trial court found no credible evidence to support the petition, we find the trial court's decision was not against the manifest of the evidence.

{¶12} Appellant maintains the trial court's determination was based on a purported personal bias against her. After a review of the record, however, we find no evidence to support appellant's accusations.

{¶13} Appellant's first, twenty-first, twenty-sixth, and twenty-seventh assignments of error are without merit.

{¶14} Throughout her remaining assignments of error, appellant takes issue with the trial court's decisions to admit or exclude certain evidence, alleges the trial judge ignored evidence she presented, makes accusations of impropriety on the part of defense counsel and the trial judge, and questions appellee's credibility.

{¶15} An appellant carries the burden of affirmatively demonstrating error on appeal. *See* App.R. 9 and App.R. 16(A)(7); *State ex rel. Fulton v. Halliday*, 142 Ohio St. 548, 549 (1944). "Where an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him." *State v. Franks*, 9th Dist.

7

Summit No. 28533, 2017-Ohio-7045, ¶16, citing *State v. Harmon*, 9th Dist. Summit No. 26426, 2013-Ohio-2319, ¶6. "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶16} Appellant, a pro se civil litigant, "is bound by the same rules and procedures as litigants who retain counsel." *Miner v. Eberlin*, 7th Dist. Belmont No. 08-BE-21, 2009-Ohio-934, ¶11 (citations omitted). "'[Pro se civil litigants] are not to be accorded greater rights and must accept the results of their own mistakes and errors.'" *Karnofel v. Cafaro Mgt. Co.*, 11th Dist. Trumbull No. 97-T-0072, 1998 WL 553491, *2 (June 26, 1998), quoting *Meyers v. First Natl. Bank of Cincinnati*, 3 Ohio App.3d 209, 210 (1st Dist.1981).

{¶17} In support of her arguments, appellant summarizes her version of the evidence provided at the civil protection order hearing but fails to demonstrate the trial court's error through relevant legal analysis. Further, appellant either provides no applicable legal authority in support of her arguments, or she sets forth inaccurate statements of the law. *See* App.R. 12(A)(2) & App.R. 16(A)(3), (6) & (7). We therefore decline to address appellant's remaining assignments of error.

{¶18} Appellant's remaining assignments of error are without merit.

{¶19} The judgment of the Portage County Court of Common Pleas is affirmed for the foregoing reasons.


COLLEEN MARY O'TOOLE, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.


8

_____

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

{¶20} I concur that the trial court properly denied appellant, Susan Lloyd's, petition for civil protection order inasmuch as the trial court has discretion as to whether a protection order should issue and is entitled to deference in matters of credibility. I concur in judgment only, however, because the majority summarily dismisses the issues raised in the appeal as "fail[ing] to demonstrate the trial court's error through relevant legal analysis" and "provid[ing] no applicable legal authority in support of her arguments." While several of Lloyd's arguments are irrelevant and/or not properly before this court, this is not a fair characterization of all the issues raised.[1]

{¶21} To cite one example, Lloyd argues in her brief: "Circumstances such as those present in this case have been held sufficient to support the grant of a protection order. Bryant v. Spear-hardy 2nd dist no 23449, 2010-ohio-1903 (indirect threats and hostile demeanor), Liles v. Keith, 3rd dist no 2-09-22, 2009-ohio-6874 (menacing operation of a motor vehicle and intimidating hand gestures), Rauser v. Ghaster, 8th dist no. 92699, 2009-ohio-5698 (seemingly friendly encounters between the parties were actually menacing behavior in light of prior threats such as you'll be sorry)."

{¶22} In each of these cases, the petitioners had presented evidence of menacing conduct comparable to the evidence of Thornsbery's conduct which Lloyd presented. In *Bryant* and *Liles* the trial courts issued protection orders which were

_____

[1]. In other cases, the writing judge has actively addressed the arguments raised on appeal, regardless of number of assignments raised or the pro se status of the appellant. *See*, *e.g.*, *In re Marriage of Kline*, 11th Dist. Lake No. 2016-L-009, 2016-Ohio-7159, ¶ 14 (conducting a review for plain error where appellant did not properly preserve issues for appeal); *Hoyt v. Heindell*, 191 Ohio App.3d 373, 2010-Ohio-6058, ¶ 37 (11th Dist.) (consolidating multiple assignments of error for review). Such inconsistency in appellate rulings spawns confusion, especially for pro se litigants, which undermines public confidence in the court.

9

affirmed on appeal, whereas in *Rauser* the court denied a protection order but the court of appeals reversed the decision. Lloyd may be a pro se litigant, but her argument is sufficiently coherent to merit some acknowledgement by this court.

{¶23} In *Bryant* and *Liles* the lower courts granted protection orders. On appeal, the reviewing courts were to determine whether the petitioners had met their burden of proof, i.e., whether they had established by a preponderance of the evidence that the respondents had violated the menacing by stalking statute. If the evidentiary standard is met, the reviewing court defers to the lower court's decision to grant the protection order. In the present case, the lower court did not find that Lloyd met her burden of proof based on its estimation of the witnesses' credibility. While the lower court's credibility determination is entitled to "substantial deference," much of the behavior and/or conduct that Lloyd complains of is more characteristic of trespass or nuisance rather than menacing by stalking.

{¶24} In *Rauser*, the court of appeals reversed the trial court's denial of a protection order, but the issue before the court was not whether a protection order should issue, but "whether the Rausers' petition should have survived a directed verdict." 2009-Ohio-5698, at ¶ 13. When a directed verdict is granted the evidence is construed "most strongly" against a particular party. Civ.R. 50(A)(4). Since the petitioners in *Rauser* had met their burden of presenting some competent and credible evidence of menacing by stalking, a directed verdict was inappropriate. It does not follow that the lower court would have to find the petitioners' evidence more convincing than the respondents' evidence or exercise its discretion to grant a protection order. Therefore, the situation in *Rauser* is distinguishable from the present one.

10

**{¶25}** Accordingly, despite the legitimate arguments raised by Lloyd, I concur, in judgment only, with the affirmance of the lower court's decision.