[Cite as *Ziegler v. Tameris*, 2022-Ohio-4044.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| MARY B. ZIEGLER, | CASE NO. 2022-L-042 |
| Petitioner-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| EVE TAMERIS, | Trial Court No. 2021 CS 000628 |
| Respondent-Appellant. | |

# **O P I N I O N**

Decided: November 14, 2022
Judgment: Affirmed

*Leslie S. Johns*, Ashley Jones Law, 1220 West 6th Street, Cleveland, OH 44113 (For Petitioner-Appellee).

*James W. Reardon*, Carrabine & Reardon, Co., LPA, 7445 Center Street, Mentor, OH 44060 (For Respondent-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Eve Tameris, appeals the trial court's judgment overruling her objections to the magistrate's decision and granting appellee, Mary B. Ziegler, a civil stalking protection order ("CSPO"). We affirm.

{¶2} On May 25, 2021, Ziegler filed a petition for a CSPO against Tameris pursuant to R.C. 2903.214. Ziegler filed the petition on behalf of herself, her husband, and her nonresident grandchildren. The magistrate granted an ex parte CSPO on the following business day.

{¶3} Ziegler made the following allegations in her petition:

Over the past two weeks (May 10th & 12th), Eve Tameris has ranted at me in my backyard several times calling me a f@#king [sic] bitch, making strange noises. This started last summer when she dug up our landscape stones twice in the middle of the night and stole them. She and Robert have taunted me from their property with provocative behavior. They intentionally play loud music directed at our home and have placed a spot light [sic] that shines into our window. They work in their yard at night and have placed yard debris and logs along our property to create an eyesore. They have harassed our lawncare people several times and most recently on May 19, 2021, (almost) getting to the point of a physical alter[c]ation. They burn yard waste excessively to annoy us. When I'm home alone I'm fearful and scared. I'm afraid to go into my own yard.

{¶4} A full hearing on the matter was held before the magistrate on November 9, 2021. Ziegler and Tameris both appeared and testified, as did Ziegler's husband and adult daughter and Deputy Steven Ross of the Lake County Sheriff's Office. The magistrate issued his decision on December 22, 2021, recommending the court grant Ziegler a CSPO against Tameris until January 1, 2024. Included in the decision are the following findings of fact:

The petitioner and the respondent are next-door neighbors. Their homes are separated by less than 100 feet. Since August 2020, the respondent has waged a war of torment against the petitioner.

The petitioner and her husband testified to several examples. For starters, the respondent continually blasted a local radio station's broadcast with a boombox left outdoors from dawn to dusk, pointing its loudspeakers at the petitioner's home for maximum misery. The respondent also repeatedly stood and scowled directly at the petitioner so often that she and [her husband] dubbed it the "Eve pose." Several times, too, the respondent shrieked obscenities and targeted insults at the petitioner. The petitioner also described how, unlike their prior neighbors, the respondent often slammed doors and windows in a manner meant to upset the petitioner. Multiple times, the respondent stood and appeared to film the petitioner with her phone for no apparent reason other than to harass her.

2

Many of the instances, if viewed alone, are not the type of items to trigger the issuance of a CSPO. When considering everything together with the high frequency of such, though, the respondent's actions and conduct show that she engaged in menacing by stalking against the petitioner in violation of R.C. 2903.211(A).

Credibility played a key role in determining these facts. The magistrate found the petitioner credible and very sincere. There is no doubt that she suffered, and continues to suffer mental distress because of the respondent's conduct. The petitioner, for example, actively continues to take steps to avoid the respondent. The petitioner has also had to install security cameras at her home.

[The petitioner's husband and adult daughter] and Deputy Ross appeared credible and sincere to the magistrate as well.

The same cannot be said for the respondent. Repeatedly, while the petitioner struggled to speak through her tear-filled testimony, the respondent disrespectfully laughed in an unashamed display of schadenfreude. The magistrate ultimately considered her insincere and not credible.

{¶5} Applying the law to these facts, the magistrate found that Ziegler proved by a preponderance of the evidence that Tameris engaged in menacing by stalking, to wit: "The pattern, rampant frequency, and tormenting nature of the conduct is more than enough to conclude the respondent did such for the purpose of harassing and intimidating petitioner in violation of R.C. 2903.211(A)(1)."

{¶6} The trial court adopted the magistrate's decision that same day. The order of protection was only granted as to Ziegler and only against Tameris; it does not pertain to the husband of either party. The order generally provides that Tameris shall not enter or interfere with Ziegler's residence, school, business, place of employment, daycare centers, or childcare providers, including the buildings, grounds, and parking lots at those locations; shall not remove, damage, hide, or dispose of any property, companion

3

Case No. 2022-L-042

animals, or pets owned by Ziegler; shall stay away from Ziegler; shall not initiate or have any contact with Ziegler; shall not use any form of electronic surveillance on Ziegler; shall not cause or encourage any person to do any act prohibited by the order; shall not possess, use, carry, or obtain any deadly weapon; and shall turn over all deadly weapons. More specifically, the order provides as follows:

> Distance restrictions * * * herein temporarily decreased to 25 feet while Respondent going to/from or upon the property known as [address redacted]; and, unless Respondent is doing yardwork, Respondent shall not remain stationary or loiter outside the residence thereupon said property; and, Respondent shall turn off all rear-house outdoor lighting between 10PM – 6AM; and, no audio speakers are permitted outside on said property unless Respondent is also outside and within 10 feet of said devices.

{¶7} Tameris filed timely objections and supplemental objections to the magistrate's decision, which the trial court overruled on April 21, 2022. From this judgment, Tameris filed a notice of appeal. She asserts one assignment of error, challenging the sufficiency of the evidence on which the CSPO against her is based:

> The trial court erred and abused its discretion when it granted petitioner/appellee a civil stalking and protection order [sic] pursuant to R.C. §2903.214, when there did not exist legally sufficient evidence to support the finding.

{¶8} "[S]ufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support the [judgment] as a matter of law[.]" *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997). "Under the sufficiency standard, appellate courts review the evidence presented in the light most favorable to the [petitioner] to determine whether the [petitioner] presented some evidence going to

4

all elements of the claim or offense." (Citation omitted.) *L.M.W. v. B.A.*, 2022-Ohio-2416, 191 N.E.3d 1240, ¶ 18 (8th Dist.).

{¶9} Issuance of a CSPO pursuant to R.C. 2903.214 requires the petitioner to establish, by a preponderance of the evidence, that the respondent engaged in conduct constituting menacing by stalking. R.C. 2903.214(C)(1); *Lloyd v. Thornsbery*, 11th Dist. Portage No. 2017-P-0029, 2018-Ohio-2893, ¶ 9; *Lane v. Brewster*, 12th Dist. Clermont No. CA2011-08-060, 2012-Ohio-1290, ¶ 18. Menacing by stalking is defined, in relevant part, as "engaging in a pattern of conduct" which "knowingly cause[s] another to believe that the offender will * * * cause mental distress to the other person or a family or household member of the other person." R.C. 2903.211(A)(1). Importantly, "in determining whether or not to grant a stalking civil protection order, the trial court needs to view the actions with respect to their effect on the petitioner." *Tuuri v. Snyder*, 11th Dist. Geauga No. 2000-G-2325, 2002 WL 818427, *3 (Apr. 30, 2002); *accord Cooper v. Manta*, 11th Dist. Lake No. 2011-L-035, 2012-Ohio-867, ¶ 33.

{¶10} A "pattern of conduct" is defined as "two or more actions or incidents closely related in time." R.C. 2903.211(D)(1). "[W]hether the incidents are 'closely related in time' is to be resolved by the trier of fact, 'considering the evidence in the context of all the circumstances in the case.'" *Cooper* at ¶ 39, quoting *State v. Bone*, 10th Dist. Franklin No. 05AP-565, 2006-Ohio-3809, ¶ 24.

{¶11} "Mental distress" is defined as including "any mental illness or condition that involves some temporary substantial incapacity" or "any mental illness or condition that would normally require * * * mental health services." R.C. 2903.211(D)(2). A petitioner only has to show that the respondent knowingly committed certain acts, and that from

5

those actions, she *believed* the respondent was going to cause her mental distress. *Tuuri* at *3; *Cooper* at ¶ 33; *see also McKinley v. Kuhn,* 4th Dist. Hocking No. 10CA5, 2011-Ohio-134, ¶ 17 (the petitioner need not show that the respondent made an explicit or direct threat). "Furthermore, 'the testimony of the victim herself as to her fear is sufficient to establish mental distress.'" *L.M.W.*, 2022-Ohio-2416, at ¶ 27, quoting *R.R. v. J.H.*, 8th Dist. Cuyahoga No. 109465, 2021-Ohio-706, ¶ 29, citing *State v. Horsley*, 10th Dist. Franklin No. 05AP-350, 2006-Ohio-1208, ¶ 48.

{¶12} On appeal, Tameris characterizes the dispute between the parties as merely unfriendly and untenable, rather than harassing or distressing. Tameris cites to case law for the proposition that "'R.C. 2903.211 was "not enacted for the purpose of alleviating uncomfortable situations, but to prevent the type of persistent and threatening harassment that leaves victims in constant fear of physical danger [or mental distress].""" *J.A.C. v. A.L.*, 8th Dist. Cuyahoga No. 110999, 2022-Ohio-2275, ¶ 18, quoting *McKinley* at ¶ 14, quoting *Kramer v. Kramer*, 3d Dist. Seneca No. 13-02-03, 2002-Ohio-4383, ¶ 17.

{¶13} Based on the testimony, however, the trier of fact could reasonably have inferred that Tameris engaged in a pattern of conduct directed at Ziegler, which was intimidating, harassing, and menacing, and that Tameris knew she was causing Ziegler to believe that she would suffer mental distress. Ziegler, her husband, and her adult daughter all testified to the specific events that caused her to suffer from anxiety, sleeplessness, nightmares, fear, and the like on a daily basis for over a year. This conduct included shining a spotlight into the Zieglers' kitchen window at all hours of the day and night; digging up stones from the Zieglers' landscaping during the night; leaving a radio on during the day at the loudest volume faced directly at the Zieglers' residence;

6

slamming doors and windows; banging on patio furniture; making howling and barking noises directed at the Zieglers' residence, including when grandchildren were visiting outside; walking and pacing the property line while Zeigler was outside; taking photographs and video recordings with her phone; burning yard waste and depositing it in piles along the property line; and shouting verbal insults and attacks. The sheriff's deputy also testified about his response to Ziegler's complaint about Tameris's loud radio and his subsequent conversation with Tameris and her husband, which he described was confrontational and provided him with an unreasonable explanation. Few questions were asked of Tameris at the hearing, which resulted merely in her denying the allegations of verbal insults and attacks; she presented no additional evidence.

{¶14} Accordingly, we conclude that the magistrate's findings, adopted by the trial court and recited above, are fully supported by the transcript of the hearing. And despite Tameris's assertions to the contrary, upon construing the evidence in a light most favorable to Ziegler as we must in a sufficiency analysis, we conclude that the evidence was legally sufficient to support a decision that Tameris has committed acts against Ziegler that constitute menacing by stalking under R.C. 2903.211(A)(1).

{¶15} The sole assigned error is without merit.

{¶16} The judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

7

Case No. 2022-L-042