[Cite as *State ex rel. Jones v. Vercillo*, 2015-Ohio-3991.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| STATE OF OHIO, EX REL. | : | Hon. W. Scott Gwin, P.J. |
| DARIUS M. JONES | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| Relator | : | |
| | : | |
| -vs- | : | Case No. 15-COA-003 |
| | : | |
| JUDGE DAMIAN J. VERCILLO | : | |
| | : | O P I N I O N |
| Respondent | | |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Writ of Mandamus |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | September 25, 2015 |

APPEARANCES:

For: Relator
DARIUS M. JONES
P.O. BOX 8107
Mansfield, OH 44901

For: Respondent
JUDGE DAMIAN J. VERCILLO
Ashland County Common Pleas Court
142 West Second Street
Ashland, OH 44805

*Gwin, P.J.*

{¶1} Relator, Darius M. Jones, has filed a Complaint for Writ of Mandamus/Procedendo requesting this Court find Respondent lacked jurisdiction to conduct a hearing nine months after having been served with a notice of availability from Relator. Respondent has filed a motion to dismiss arguing Relator's claim fails because he had an adequate remedy at law. Relator in turn filed a motion for summary judgment.

{¶2} To be entitled to the issuance of a writ of mandamus, the Relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. *State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 26-27, 1996 Ohio 228, 661 N.E.2d 180; *State ex rel. Harris v. Rhodes* (1978), 54 Ohio St.2d 41, 374 N.E.2d 641, citing State *ex rel.National City Bank v. Bd of Education (1977) 52 Ohio St.2d 81, 369* N.E.2d 1200.

{¶3} On August 15, 2013, while Relator was in prison, he filed a "notice of availability." Ohio Revised Code Section 2941.401 provides in relevant part, "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter . . ."

{¶4} The essence of the complaint is that Respondent did not resolve the cause pending below within 180 days of being served with Relator's "notice of availability."

{¶5} Relator has not explained exactly what cause was pending in Respondent's court. R.C. 2941.401 requires a person to be tried on any "untried indictment, information, or complaint" within 180 days of the notice. Relator describes the pending action below as a "simple misdemeanor warrant" and "an alleged child support warrant." Complaint paragraphs 1 and 2. Respondent suggests there was no pending criminal case but concedes there was a child support warrant in the juvenile court. Answer paragraph 2.

{¶6} Even assuming arguendo R.C. 2941.401 is applicable to the underlying case, the Supreme Court has held mandamus will not lie due to a violation of this code section because an adequate remedy at law exists. In other words, because Relator can challenge a violation of R.C. 2941.401 by filing a motion to dismiss on speedy trial grounds, mandamus does not lie. The sole contention in the complaint before us is that Respondent failed to resolve the warrant within 180 days in violation of R.C. 2941.401. As noted above, a violation of R.C. 2941.401 does not lie in mandamus, the mandamus action is dismissed for failure to state a claim upon which relief may be granted.

{¶7} Relator captioned his complaint as one in mandamus/procedendo. Despite its caption, Relator has alleged no facts in support of a writ of procedendo.

{¶8} To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." *Miley,*

supra, at 65, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462. The Supreme Court has noted, "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be." *State ex rel. Davey v. Owen,* 133 Ohio St. 96,106, 12 N.E.2d 144, 149 (1937).

{¶9}    Because none of the facts alleged in the complaint have any relation to a writ of procedendo, the complaint for writ of procedendo is dismissed for failure to state a claim upon which relief may be granted.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur