[Cite as *State ex rel. Walker v. Pittman*, 2025-Ohio-4533.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO ex rel.
GARY D. WALKER,

        Relator

- vs -

JUDGE LAURIE PITTMAN OF
PORTAGE COUNTY COURT
OF COMMON PLEAS,

        Respondent.

**CASE NO. 2025-P-0035**

Original Action for Peremptory and
Alternative Writ of Mandamus

---

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: September 29, 2025
Judgment: Petition dismissed

---

*Gary D. Walker*, pro se, 2061 Hampstead Road, Cleveland Heights, OH 44118 (Relator).

*Connie J. Lewandowski*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1}   Pending before this court is relator, Gary D. Walker's, petition for a writ of mandamus.  Respondent, Judge Laurie Pittman, has filed a motion to dismiss.  For the following reasons, we grant Judge Pittman's motion and dismiss Walker's petition.

**Basis for Petition**

{¶2}   On June 10, 2025, Walker filed his mandamus petition.  Therein, he requests this court issue an order "to quash the arrest warrant and dismiss the pending cases against him due to the State's failure to bring Relator to trial within the 180-day

period mandated by R.C. 2941.401."

{¶3} Pursuant to his petition and attached records, Walker was incarcerated in the Lorain Correctional Institution in October 2024. On October 1, 2024, in Portage County Court of Common Pleas Case No. 2024 CR 00835, the grand jury indicted Walker for Failure to Appear. Walker sent requests for final disposition of that case to the Portage County Prosecutor and Court of Common Pleas. He argues that the State had until April 19, 2025, to bring him to trial and failed to do so. In May 2025, he filed a motion to dismiss and quash arrest warrant in the Portage County Court of Common Pleas, requesting the charge be dismissed for lack of jurisdiction due to the failure to bring him to trial within 180 days after he gave statutory notice under R.C. 2941.401. The case remains pending before the trial court. In the present matter, Walker argues that the failure to bring him to trial within 180 days must result in an order to dismiss the charge against him.

{¶4} Judge Pittman filed a motion to dismiss Walker's petition on August 6, 2025, arguing that speedy trial claims are not cognizable in mandamus.

**Dismissal of Mandamus Claims**

{¶5} "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 9.

{¶6} Generally, a relator must be able to satisfy the following three elements to be entitled to a writ of mandamus: "(1) the relator must have a clear legal right to have the public official perform a particular act; (2) the official must have a clear legal duty to

do the act; and (3) the relator does not have another adequate remedy at law." *State ex rel. Brown v. Logan*, 2004-Ohio-6951, ¶ 4 (11th Dist.), citing *State ex rel. Greene v. Enright*, 63 Ohio St.3d 729 (1992).

**Adequate Remedy by Way of Appeal**

{¶7}     Walker sought to be brought to trial within 180 days under R.C. 2941.401. That statute provides that if an individual who is imprisoned against which there is pending an untried indictment delivers written notice of the place of their imprisonment and requests final disposition, "the prisoner shall be brought to trial within one hundred eighty days."  R.C. 2941.401.

{¶8}     As respondent asserts, it has generally been held that denial of the right to speedy trial "is not cognizable in an extraordinary-writ proceeding" since there is an adequate remedy by way of appeal.  *State ex rel. Jackim v. Ambrose*, 2008-Ohio-3182, ¶ 6; *Hamilton v. Collins*, 2003-Ohio-5703, ¶ 5 (11th Dist.) ("if relator is ultimately convicted," he can contest the speedy trial issue in a direct appeal).

{¶9}     Walker argues that the foregoing authority does not apply since this is not a speedy trial issue but an issue of loss of jurisdiction when he was not brought to trial within 180 days as set forth by R.C. 2941.401.  However, the Ohio Supreme Court has specifically held that a relator's request compelling the dismissal of charges on the ground that a case was not tried within 180 days after a demand for trial under R.C. 2941.401 is not properly addressed through a mandamus action since there lies an adequate remedy at law through pursual of such claim in the trial court.  *State ex rel. Bowling v. Court of Common Pleas of Hamilton Cty.*, 24 Ohio St.2d 158 (1970).  *Also State ex rel. Rendell v. Russo*, 2016-Ohio-4711, ¶ 4 (8th Dist.) ("the existence of an adequate remedy at law that

Case No. 2025-P-0035

Rendell has pursued", i.e., a motion to dismiss pursuant to R.C. 2941.401 filed in the trial court, "precludes the issuance of a writ of mandamus"); *State ex rel. Jones v. Vercillo*, 2015-Ohio-3991, ¶ 6 (5th Dist.) (a writ of mandamus does not lie for an alleged violation of R.C. 2941.401 since an adequate remedy at law existed).

{¶10} Walker argues that the jurisdictional defect is not a "waivable" speedy trial issue. Before this court is not whether this issue was waived or not but, rather, whether it can be raised through an extraordinary writ. Pursuant to the authority in *Bowling*, supra, it cannot. This court has rejected a similar argument that failure to timely bring a defendant to trial under R.C. 2941.401 warranted relief in mandamus because it raised a jurisdictional issue, finding that it could be properly addressed through a direct appeal. *State ex rel. Barr v. Pittman*, 2010-Ohio-2293, ¶ 3, 9-12 (11th Dist.).

{¶11} Upon construing Walker's allegations in a manner most favorable to him, he fails to state a claim upon which relief in mandamus can be granted.

{¶12} For the foregoing reasons, Judge Pittman's motion to dismiss is granted and Walker's petition for writ of mandamus is dismissed.


JOHN J. EKLUND, J., EUGENE A. LUCCI, J., SCOTT LYNCH, J., concur.

Case No. 2025-P-0035

# JUDGMENT ENTRY

For the reasons stated in the Per Curiam Opinion of this court, respondent's motion to dismiss is granted and relator's verified petition for peremptory and alternative writ of mandamus is dismissed. Costs to be taxed against relator.

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-P-0035